PEOPLE ex rel. TITLE GUARANTEE & TRUST CO. v. GRIFENHAGEN, County Register.

(Supreme Court, Appellate Division. First Department. May 29, 1913.)

TAXATION (§ 351*)—MORTGAGES—RECORDING TAX—PRINCIPAL INDEBTEDNESS—"INDETERMINABLE."

A stipulation, in a mortgage to secure payment of a specified sum, that expenses incurred in protecting the lien shall be secured by the mortgage, does not render the principal indebtedness secured "indeterminable," within Tax Law (Consol. Laws 1909, c. 60) § 256, providing that, where the principal indebtedness secured is not determinable by the mortgage, the tax shall be imposed on the value of the property, and the tax can only be computed on the specified sum.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 594; Dec. Dig. § 351.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of the Title Guarantee & Trust Company, against Max S. Grifenhagen, Register of the County of New York, to compel the recording of a mortgage on payment of

fees computing on the principal of the mortgage. From an order granting a peremptory writ, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert P. Beyer, of New York City, for appellant.

Harold Swain, of New York City, for relator

McLAUGHLIN, J. This appeal is from an order granting a peremptory writ of mandamus directing the appellant, as register of the county of New York, to record a mortgage given to secure the payment of $1,250, upon payment of the recording fees and the mortgage tax computed upon that sum. The appellant refused to record the mortgage, on the ground that the amount tendered was insufficient, and contended that under section 256 of the Tax Law (Consol. Laws 1909, c. 60) he was entitled to receive a tax based upon the value of the property covered by the mortgage.

His contention in this respect was predicated upon a provision in the mortgage to the effect that all sums paid by the holder of the mortgage for the expense of any litigation to prosecute or defend the rights and liens created thereby should be paid by the mortgagor, together with interest thereon, at the rate of 6 per cent. per annum, "and any such sum and the interest thereon shall be a lien on said premises prior to any right or title to, interest in, or claim upon said premises, attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage and by the bond which it secures"; in other words, he insisted that this provision in the mortgage made the amount which it was given to secure indefinite, and not determinable from the terms of the mortgage itself.

The learned court at Special Term held that the provision in the mortgage referred to did not render the principal secured thereby indefinite or indeterminable, and that the appellant was not justified in refusing to record the mortgage, and directed that he do so.

I am of the opinion the order appealed from is right. Section 256 of the Tax Law provides that, "if the principal indebtedness secured, or which by any contingency may be secured, by a mortgage is not determinable from the terms of the mortgage," then the tax shall be imposed upon the value of the property. The mortgage here given was to secure the payment of $1,250. This was "the principal sum." It constituted the indebtedness of the mortgagor, and the sum which he agreed to pay. The provision including expenses incurred in upholding the lien of the mortgage is not a part of the principal indebtedness, but a mere incident to it. It no more renders the principal indebtedness indeterminable than would the ordinary tax or insurance clauses, which provide that the mortgagee may pay the same and include the amount thereof in the lien of the mortgage. In each case the object sought to be accomplished is the payment in full of the indebtedness and nothing more.

The order appealed from is therefore affirmed, with $10 costs and disbursements. All concur.