THE PEOPLE OF THE STATE OF NEW YORK ex rel. TERMINALS AND TRANSPORTATION CORPORATION OF AMERICA, Respondent, *v.* THE STATE TAX COMMISSION, Appellant.   (Proceedings Nos. 1 and 2.)

(Argued October 1, 1930; decided November 18, 1930.)

*Hamilton Ward, Attorney-General (Henry S. Manley* of counsel), for appellant. The stocks and bonds covered by the mortgages were intangible property. (*Blodgett v. Silberman,* 277 U. S. 1; *Frick v. Pennsylvania,* 268 U. S. 473; *Farmers Loan Co. v. Minnesota,* 280 U. S. 204; *Baldwin v. Missouri,* 281 U. S. 586; *People ex rel. Alpha Portland Cement Co. v. Knapp,* 230 N. Y. 48; *People ex rel. American Ice Co. v. Tax Comm.,* 153 App. Div. 532; 207 N. Y. 766.) The Tax Commission has no authority to remit the penalties in excess of one-half of one per centum per month on the unpaid tax. (Tax Law, §§ 255, 256, 258.)

*Walter C. Lindsay* and *Ansley W. Sawyer* for respondent. The stocks and bonds covered by the mortgages are tangible property and are to be considered in making the apportionment. (Tax Law, § 260; *People ex rel. DuPont de Nemours Powder Co. v. Bd. of Tax Commrs.,* 140 App. Div. 783; *Matter of Whiting,* 150 N. Y. 27; *People ex rel. Jefferson v. Smith,* 88 N. Y. 576; *People ex rel. Astor Trust Co. v. Tax Comm.,* 174 App. Div. 320; *Louisville & Nashville Ry. Co. v. Coulter,* 131 Fed. Rep. 282; *New Orleans v. Stempel,* 175 U. S. 309; *DeGanay v. Lederer,* 250 U. S. 376; *Ware v. Schintz,* 190 Ill. 189; *Williams v. Williams,* 270 Ill. 552; *Rohrer v. Deatherage,* 336 Ill. 450; *Utica Trust & Deposit Co. v. Decker,* 244 N. Y. 340; *Fletcher v. Neudeck,* 30 Minn. 125; *Kellogg v. Olson,* 34 Minn. 103; *Tiedt v. Boyce,* 122 Minn. 283.)

The Tax Commission has authority to remit penalties in excess of one-half of one per cent per month on a corporate trust mortgage recorded in good faith, where it later appears that an additional mortgage tax is due. (Tax Law, § 258.)

CRANE, J.   The respondent on or about June 2, 1927, executed a corporate trust mortgage to the Guardian Trust Company of Detroit and Lewis K. Walker, trustees, to secure bonds in an unlimited amount.   There was advanced on such mortgage the sum of $3,500,000.

On the same date the respondent also executed a corporate trust mortgage to the Manufacturers and Traders Peoples Trust Company and Thomas Cantwell, trustees, to secure bonds in the amount of $1,500,000, all of which had been advanced.

Both mortgages covered the identical property consisting of real property situated at Buffalo, New York, and stocks and bonds of subsidiary corporations.   At all the times herein mentioned, the stocks and bonds were physically without the State of New York.   At the time of presenting the mortgages to be recorded in the Erie county clerk's office, the relator presented a statement, pursuant to section 260 of the Tax Law (Cons. Laws, ch. 60) in which it specified that the net value of the property (real property) within the State of New York covered by the mortgages was $21,000, and the net value of the property without the State of New York was $4,807,000.   Upon these figures the tax was apportioned at $76.12 on the one, and $32.62 on the other mortgage as a recording tax.   Thereafter, the State Tax Commission ruled that the relator was not entitled to the apportionment provided in section 260 of the Tax Law, and fixed the tax on the full amount advanced under the mortgages which, at the rate prescribed under section 253, amounted to $25,000.   The Commission determined that the mortgages covered no tangible real or personal property situated without the

State of New York. Upon review under an order of certiorari the Appellate Division, by a divided court, annulled this determination of the State Tax Commission, and thereafter certified to this court two questions: *One,* was the recording tax of this mortgage and the penalty correctly determined by the Tax Commission? *Two,* does the prevailing opinion in the Appellate Division indicate the correct method of determination?

The Commission had held that it had no authority to remit the penalty in excess of one and one-half per cent per month, as provided in section 258 of the Tax Law. The relator in obtaining from the county clerk and from the Appellate Division the apportionment of the recording tax, provided for in section 260, did so upon the claim and the determination that stocks and bonds without the State of New York were tangible property within the meaning of that section. Article 11 of the Tax Law provides for a tax on mortgages which impose a lien on real property under the laws of this State. The two mortgages in question were a lien upon the relator's real estate in Buffalo. Section 253 of the act fixes the tax at fifty cents for each one hundred dollars of the principal debt or obligation which is secured by such mortgage. The amount advanced under these mortgages and thus secured by them, pursuant to section 259 of this law, was a total of $5,000,000. The tax was, therefore, $25,000, unless the apportionment provided in section 260 was applicable. We must take the Tax Law as we find it, and not attempt to adjust it to conditions which may not have been foreseen. When real property is partly within the State and partly without the State, it shall be the duty of the Tax Commission to determine what portion of the mortgage or advancements thereon shall be taxable. The section provides that the Commission shall determine the respective values of the property within and without the State and find the ratio that the net value of the mortgaged property within the State bears to the net value

of the entire mortgaged property. It shall apply the ratio thus found to the amount of the mortgage to determine the tax. " In determining," reads the section, " the separate values of the property within and without the state the tax commission shall consider only the tangible property, real and personal, except that leases of real property shall be deemed tangible property."

The relator had no real property without the State; therefore, this apportionment provision did not apply to it.

Moreover, the personal property of the relator without the State consisted entirely of stocks and bonds; these are not tangible property. (*Blodgett* v. *Silberman*, 277 U. S. 1; *Farmers Loan & Trust Co.* v. *Minnesota*, 280 U. S. 204; *Baldwin* v. *Missouri*, 281 U. S. 586; *Frick* v. *Pennsylvania*, 268 U. S. 473; *People ex rel. Alpha Portland Cement Co.* v. *Knapp*, 230 N. Y. 48.) There is no reason to suppose that the Legislature used the words " tangible property, real and personal " with any other meaning than that given to such words by court decisions. The statement that leases of real property shall be deemed tangible property was an indication that the Legislature did not intend to include within that definition other intangibles. This is not the case where a State Legislature specifically provides for a tax, measured by intangible property within its jurisdiction owned by a non-resident. (*New Orleans* v. *Stempel*, 175 U. S. 309; *DeGanay* v. *Lederer*, 250 U. S. 376; *People ex rel. Jefferson* v. *Smith*, 88 N. Y. 576.)

The penalty for the non-payment of taxes provided in section 258 in part reads as follows: " In any case where a mortgage of real property subject to the tax imposed by this article has heretofore been recorded or is hereafter recorded in good faith, and the county clerk or register has held such mortgage non-taxable or taxable at one amount, and it shall later appear that it was taxable or taxable at a greater amount, the state tax commission may remit the penalties in excess of one-half of one per centum per month."

At the time of presenting the mortgage for record, the relator, pursuant to section 256 of the Tax Law, filed a sworn statement of the amount secured by the mortgage, and the nature of its property without the State. It specified the stock in its various subsidiary companies which it held and entitled them "tangible personal property without the State." The recording officer, therefore, knew the nature of the property which the relator sought to use for apportionment purposes, and accordingly fixed the ratio of taxation, pursuant to section 260. The good faith of the relator and of the recording officer has not been questioned. Both were mistaken in considering the stocks tangible personal property. From the various decisions in the State and Federal courts, the question was none too easy of solution, as a reference to the above authorities will indicate. Argument could well be, and has been, made to sustain the claim that for taxation purposes stocks have been considered at times in the nature of tangible property, so that the recording officer and the relator may well be pardoned for considering them such in this case.

Under such circumstances we think that the recording officer's act comes within both the letter and the spirit of section 258 which says that in a case where the mortgage has been recorded in good faith and the county clerk or register has held it taxable in one amount, and it shall later appear that it was taxable at a greater amount, the State Tax Commission may remit the penalties in excess of one-half of one per cent per month. We hold that this power to remit the penalty may be exercised by the Commission under the peculiar facts of this case. We may note that the Commission expressed a desire to exercise their discretion in favor of the relator if they had the power, but they decided that authority was lacking.

We, therefore, determine that the tax as fixed by the Commission was correct, but that they had the power

under section 258 of the Tax Law to remit the penalties in excess of one-half of one per cent per month.

The order of the Appellate Division in each proceeding should be reversed and the proceedings remitted to the State Tax Commission for the consideration of the application to remit the penalty, without costs, and the questions certified answered in the negative.

POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CARDOZO, Ch. J., dissents as to the ruling that there is jurisdiction to remit the penalty.

Ordered accordingly.