In the Matter of the Application of OVERSEAS SECURITIES Co., INC., Petitioner, for a Certiorari Order Directed to JOHN F. GILCHRIST and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, November 18, 1931.

*Reynolds, Richards, McCutcheon & Logan* [*George H. Richards* and *Robert B. Cumming* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown, Assistant Attorney-General,* of counsel], for the respondents.

HILL, J. The petitioner seeks a review of a franchise tax assessed against it under article 9-A of the Tax Law for the year beginning November 1, 1923.

Section 214-a of this article provides that " if any business corporation shall acquire * * * the major portion of the actively employed assets * * * of another corporation * * * doing any business in this State during any year * * *. It shall also include in its own next annual return, in addition to its own entire net income, so much of the entire net income of corporations whose assets or franchises it acquired * * * as shall not have been used or included in measuring a franchise tax to this State, and shall be taxed upon such combined entire net income for the year to ensue." The petitioner was a subsidiary of the " Overseas Security Corporation." This parent corporation was organized in 1920 under the laws of New Hampshire and began doing business as an investment trust within the State of New York. It had a paid-in capital of over $2,000,000. Shortly after it began business its officers caused the petitioner to be organized under the laws of New York. The capital was $500. All of the stock was owned by the parent corporation. In the beginning of 1923 it was determined to liquidate the parent corporation, and as a step in that process a contract was made between the parent corporation and the petitioner that the former should turn over all of its assets, aggregating more than $2,300,000, to the petitioner; in return the petitioner assumed the indebtedness of the parent corporation and agreed to pay its stockholders the par value of their stock. The funds were to be obtained from such of the securities turned over as were readily salable. The other securities were to be held by the petitioner for a more favorable market. The agreement further required that petitioner should increase its capital stock, the shares to be distributed *pro rata* among the

stockholders of the parent company. The transfer was made on April 1, 1923, and the balance sheet of the petitioner on the following day listed as assets the combined assets of the two corporations as of the day previous. The liabilities were also a combination of those standing against the two corporations on the day previous, except for the increase of the capital stock of the petitioner and an item showing an indebtedness to the stockholders of the parent company in the amount of the par value of their stock and a proposed dividend thereon. This item took the place of the stock entry and a part of the surplus as shown by the balance sheet of the parent company for the previous day.

The State Tax Commission has determined that by this transaction the petitioner did acquire the major portion of the actively employed assets of the parent corporation and is liable for the tax under the above-quoted section of the law. It is undisputed that the net income of the parent corporation from January 1, 1922, until the date of the transfer had not been used in measuring a franchise tax to this State, and that if section 214-a of the Tax Law applies to the above facts, the amount of tax assessed is proper. The petitioner argues that it did not " acquire " that portion of the assets which by the terms of the contract it was to sell, but rather that it became an agent to effect the sale of the securities and the distribution of the proceeds *pro rata* among the stockholders of the parent corporation; that the only assets of the parent corporation which it did acquire were those which were to be held for a more favorable market. These amounted to less than ten per cent of the actively employed assets of the parent corporation, and thus that section 214-a of the Tax Law did not apply; that the Commission should have considered the purposes to be accomplished rather than acts and transfers which were deemed necessary to effectuate those purposes.

The petitioner and the parent corporation were separate entities with power to contract. They did contract, the petitioner acquired all of the assets in return for its promise and obligation to pay debts and redeem stock. In the application of the Tax Law, courts may not ignore the artificial personality which incorporation confers and disregard the logic derived from corporate existence. (*People ex rel. T. & T. Corp.* v. *State Tax Commission*, 254 N. Y. 401, revg. 229 App. Div. 289.)

The determination of the State Tax Commission should be confirmed, with fifty dollars costs and disbursements.

All concur.

Determination of the State Tax Commission confirmed, with fifty dollars costs and disbursements.