In the Matter of CITIZENS NATIONAL BANK AND TRUST COMPANY OF ONEONTA, Petitioner, against TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, March 9, 1949.

*Becker, Plowden-Wardlaw & Leamy,* attorneys (R. J. Leamy of counsel), for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General* and *Wortley B. Paul, Assistant Attorney-General* of counsel), for respondent.

BERGAN, J. By a written agreement of trust with a water company, petitioner became trustee for the issuance of bonds in the sum of $100,000. Real and personal property were pledged as security. The real property, located in Delaware County, was of value of not exceeding $3,200; the rest of the pledged property consisted of stocks and notes. Conveyance of the real property to the trustee was by warranty deed, which recited that the conveyance was in trust for the purposes set forth in the trust agreement.

At the time of recording of the deed no mortgage recording tax was paid. The trust agreement itself, showing the principal indebtedness secured by the real estate conveyed by the deed and the personal property pledged to be $100,000, was later offered for recording. The recording officer then demanded a mortgage recording tax of $500, based on $100,000 for the previous recording of the deed and certain penalties, and the tax commission on review has confirmed this determination.

Since the deed must be treated as a mortgage because by another instrument it appears " intended only as security in the nature of a mortgage " the trust agreement was required to be recorded with it (Real Property Law, § 320). The two instruments thus recorded expressed at $100,000 the maximum amount of principal indebtedness secured by the mortgage within the language of section 256 of the Tax Law, and the recording officer was required to assess the mortgage tax on the maximum of principal indebtedness " expressed in the mortgage ".

It is only if the maximum amount secured is not expressed that the recording officer shall determine the tax from the value of the property covered by the mortgage under section 256.

The recording officer is required to follow the taxing statute literally. (*People ex rel. Terminals & Transportation Corp.* v. *State Tax Comm.*, 254 N. Y. 401; *People ex rel. U. S. Title Guaranty Co.* v. *State Tax Comm.*, 230 N. Y. 102.) The deed or the trust instrument could have been framed to limit the amount of indebtedness secured by the deed to the value of the real property described or a lesser amount, in which case the limitation would be the basis for the tax (§ 256), but the failure so to do affords no ground for relief, the court as well as the tax officers being required to apply the statute according to its terms. (*Matter of Fox Lane Corp.* v. *Loughman*, 225 App. Div. 417, 420; *People ex rel. Park Row Realty Co.* v. *Saxe*, 180 App. Div. 103.)

Determination confirmed, with $50 costs and disbursements to the respondent State Tax Commission.

FOSTER, P. J., HEFFERNAN, BREWSTER and SANTRY, JJ., concur.

Determination confirmed, with $50 costs and disbursements to the respondent State Tax Commission.