OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioners seek a judgment annulling and reversing a decision of the New York State Tax Commission made on February 4, 1983, on the grounds that said decision is not supported by substantial evidence and is erroneous as a matter of law.
Radio Station WBVM, Utica, New York, was purchased in 1962 by Michael C. Fusco and Daniel A. Fusco. The station was sold in 1974 to petitioner WBVM Associates (hereinafter referred to as WBVM), a partnership organized under the laws of New York. In 1978, WBVM sold the station to Bunkfeldt Broadcasting Corp. (hereinafter referred to as Bunkfeldt), a corporation organized under the laws of New York.
As part of the transaction for the 1978 sale, two mortgages were given. In the first mortgage, WBVM, as mortgagor, mortgaged a parcel of land in Whitestown, New York, to Michael C. Fusco and Daniel A. Fusco as mortgagees, to secure payment of $105,624.86, the remaining in *435 debtedness on a promissory note executed in 1974. In the second mortgage, Bunkfeldt, as mortgagor, mortgaged the same parcel to WBVM, as mortgagee, to secure payment on certain promissory notes and assignments totaling $94,375.14. The exact amount of indebtedness was specified in both mortgage instruments.
The mortgaged parcel of land is an unimproved, landlocked piece of property on which the radio antenna for the station is located. It has an approximate value of $15,000 as agreed upon by buyer and seller. The $15,000 value was not expressed in the mortgage instrument.
The petitioners’ attorney filed the mortgages with the Oneida County clerk on September 7,1978 and advised the clerk that the value of the property was $15,000. He then pointed out a clause in both mortgage instruments which stated in part: “This mortgage shall be in an amount equal to the purchase price of the lands described above.”
The county clerk then charged a mortgage tax of $75 on each mortgage based upon the $15,000 figure.
On September 12,1978, after the county clerk had raised a question as to the figure upon which the tax was to be based, petitioners’ attorney filed an affidavit allegedly pursuant to section 256 of the Tax Law stating that the value of the property was $15,000 and the parties to the mortgage intended a mortgage of $15,000 and that as a result, the $75 tax was proper.
Subsequently, on October 13, 1978, the mortgage and real estate transfer tax unit of the State Tax Commission advised the Oneida County clerk that section 253 of the Tax Law required the mortgage tax to be computed upon the maximum amount secured by the mortgage; $105,624.85 in the case of WBVM and $94,375.14 in the case of Bunkfeldt, for a tax due of $528 on the WBVM mortgage and $472 on the Bunkfeldt mortgage. The tax unit advised the county clerk to proceed against petitioners to collect the amount due.
The petitioners contend that the mortgage tax was indeterminable from the face of the mortgage and, therefore, the tax should be based upon the value of the property which secures the mortgage indebtedness, pursuant to *436 section 256 of the Tax Law, and that the intention was to peg the value of the mortgages to the value of the property only.
This court cannot agree with the contentions of the petitioner. Section 253 of the Tax Law requires a recording officer to compute the mortgage tax on “the maximum of principal indebtedness ‘expressed in the mortgage’ ”, and section 256 of the Tax Law applies only if the maximum amount secured is not expressed (Matter of Citizens Nat. Bank & Trust Co. v Tax Comm., 274 App Div 722, 723). Here, both mortgages filed clearly expressed a specific indebtedness which was to be secured by the real property described in the instruments and, therefore, the correct tax is that computed on the total indebtedness in the respective instruments.
The petition is denied.