[644 NYS2d 600]

NATIONAL BANK OF STAMFORD, Respondent, v RECREATIONAL ACREAGE EXCHANGE, LTD., et al., Defendants, and ENGLERT, STILLMAN, COFFEY, McHUGH & MAGGS, Appellant.

Third Department, July 3, 1996

APPEARANCES OF COUNSEL

*Parisi, Englert, Stillman, Coffey & McHugh,* Schenectady *(Peter V. Coffey* of counsel), for appellant.

*MacKenzie & Tallent,* Canajoharie *(Richard L. Rodgers* of counsel), for respondent.

154

MERCURE, J.

In this action to foreclose a mortgage, defendant Englert, Stillman, Coffey, McHugh & Maggs (hereinafter defendant), a junior lienor, opposes plaintiff's summary judgment motion upon the ground that the mortgage is not enforceable because the applicable mortgage recording tax was not paid (*see*, Tax Law §§ 253, 256, 258). The May 30, 1985 mortgage, given as security for indebtedness of $87,000 payable in accordance with a simultaneous promissory note, contained the following "future advances clause": "The Mortgagee may make advances in the future to the Mortgagor or future owners of the Property. In addition to the above Debt the Note and this Mortgage are intended to secure * * * any more debts now or in the future owed by the Mortgagor to the Mortgagee. The maximum amount of debt secured by the Note and this Mortgage shall not be greater than the Debt stated above. Mortgagee is not obligated to make future advances." When the mortgage was recorded, the mortgage tax was paid on the basis of the total secured indebtedness of $87,000. On December 8, 1987, the mortgagors gave plaintiff an additional promissory note in the face amount of $100,000. At the time plaintiff commenced this action, the mortgagors owed $1,115.41 on the 1985 note and $78,459.55 on the 1987 note, for a total secured indebtedness of $79,574.96.

Briefly stated, defendant's position is that the existence of the future advances clause rendered the principal indebtedness secured by the mortgage indeterminate, requiring that the mortgage tax be assessed "upon the value of the property covered by the mortgage" (Tax Law § 256). We disagree and accordingly affirm Supreme Court's order granting summary judgment in favor of plaintiff.

Tax Law § 256 provides in relevant part: "If the *principal indebtedness secured* or *which by any contingency may be secured* by a mortgage is not determinable from the terms of the mortgage, or if a mortgage is given to secure the performance by the mortgagor or any other person of a contract obligation other than the payment of a specific sum of money and the maximum amount secured or which by any contingency may be secured by the mortgage is not expressed therein, such mortgage shall be taxable under [Tax Law § 253] upon the value of the property covered by the mortgage" (emphasis supplied). We agree with defendant that, because the parties had "neither a plan of future advances nor a fixed sum in mind

when the mortgage [was] executed" (*State Bank v Fioravanti*, 51 NY2d 638, 644), the "principal indebtedness secured" (Tax Law § 256) was indefinite. Nonetheless, the provision of the mortgage that "[t]he maximum amount of debt secured * * * shall not be greater than the Debt stated above", i.e., $87,000, permits a determination of the principal indebtedness "which by any contingency may be secured" (Tax Law § 256). This Court has consistently taken the position that Tax Law § 256 applies only in a case where the maximum amount secured is not expressed in the mortgage (*see, Matter of Rockefeller Ctr. v Bragalini*, 8 AD2d 657, 658; *Matter of Citizens Natl. Bank & Trust Co. v Tax Commn.*, 274 App Div 722, 723; *see also, Matter of WBVM Assocs.*, 120 Misc 2d 434, 436). Based upon the clear and unambiguous language of Tax Law § 256, we are not persuaded to abandon that position at this time. Having set forth an exact amount which will secure the contingent debt, the "future advances clause" did not render the mortgage indeterminable as to amount and, therefore, the mortgage recording tax was properly paid.

CARDONA, P. J., WHITE, CASEY and SPAIN, JJ., concur.

Ordered that the order is affirmed, without costs.