In the Matter of the Application of MULTIPLEX GARAGES, INC., Respondent, for a Certiorari Order against WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, Appellants.

In the Matter of the Application of JAMES R. ASHLEY, Respondent, for a Certiorari Order against WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, Appellants.

First Department, June 5, 1925.

Municipal corporations — Building Zone Resolution of City of New York — erection on one plot in business district of small garages accommodating in aggregate more than five motor vehicles violates Building Zone Resolution of 1916, as amended, art. 2, § 4 — certiorari — writ of certiorari abolished by Civil Practice Act — institution of this proceeding by writ was improper — Appellate Division acting under Civil Practice Act, §§ 105, 109, 111, authorizes amendment of title, petition and proceedings to conform to Civil Practice Act, § 1283 et seq., which authorizes certiorari order.

The board of appeals of the city of New York properly revoked permits granted by the superintendent of buildings of the borough of The Bronx for the erection of individual garages on a plot of ground in a business district, since it appears that the garages in the aggregate were to accommodate more than five motor vehicles in violation of section 4 of article 2 of the Building Zone Resolution of 1916, as amended.

It would be an evasion of the said Building Zone Resolution to permit the erection of said individual garages, notwithstanding that after the permit was given by the superintendent of buildings, the plot was divided into separate lots so that each garage was on a single lot.

The practice of instituting this proceeding by a writ of certiorari, a practice which is not infrequently followed, was improper, since the writ of certiorari, except in certain tax matters, has been abolished by the Civil Practice Act, but the Appellate Division, acting under the power conferred by sections 105, 109 and 111 of

the Civil Practice Act, disregards the mistake of process and deems the title proceedings, petition and all necessary papers amended to conform to the proper practice as now prescribed in section 1283 *et seq.* of the Civil Practice Act. Since the remedy is no longer by State writ, the title should not bear the legend " People of the State of New York on the Relation of " the petitioner, but henceforth must be entitled " In the Matter of the Application of " the petitioner.

MERRELL, J., dissents, in part, with memorandum.

APPEAL in each of the above-entitled proceedings by the defendants, William E. Walsh and others, from an order of the Supreme Court in each proceeding, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 14th day of July, 1924, sustaining a certiorari order granted in each proceeding, and reversing, setting aside and annulling proceedings and determinations of the board of appeals, and affirming a decision of the superintendent of buildings of the borough of The Bronx.

*George P. Nicholson, Corporation Counsel [John F. O'Brien.* of counsel; *William T. Kennedy* with him on the brief], for the appellants.

*Henry S. Mansfield,* for the respondents.

McAVOY, J.:

The board of appeals asserts that it is aggrieved by two orders made at Special Term, Bronx county, on certiorari proceedings, which orders annulled the determination of the board of appeals in respect of the revocation of building permits issued by the building superintendent of the borough of The Bronx. Both appeals involve the same questions and will be considered together.

The records show that in October, 1923, plans were filed with the superintendent of buildings by the Multiplex Garage, Inc., and by James R. Ashley, for a group of garage buildings, which constitute, in effect, a single garage, for the storage of fifty-six motor cars. The plans filed in the name of the Multiplex Company provided for twenty-four single metal garages, each ten by seventeen feet, upon lots averaging thirty feet in width on Cromwell avenue and those filed in Ashley's name were designed for thirty-two single metal garages of the same dimensions upon lots averaging the same width on Boscobel avenue. Part of the plot upon which these garages are to be erected fronts on Boscobel avenue and the other part on Cromwell avenue.

In November, 1923, after the plans were filed, Ashley bought the land as one plot. On December 24, 1923, he conveyed the Cromwell avenue frontage to the Multiplex Company, of which he is the president, but retained the Boscobel avenue frontage in his individual ownership. The plot was not, at that time, divided into

lots. It was, however, thereafter divided into lots, about a week prior to April 15, 1924. Then it was mapped into separate lots having a frontage of thirty feet in most cases. On December 27, 1923, the superintendent of buildings of Bronx county approved the filed plans and issued permits for the construction of these garages. The premises upon which these permits were granted are situated in a business district. Article 2, section 4, of the Building Zone Resolution of 1916, as amended in 1917, which was adopted pursuant to section 242-b of the Greater New York charter (Laws of 1901, chap. 466, added by Laws of 1914, chap. 470, as amd. by Laws of 1916, chap. 497, and Laws of 1917, chap. 601),* says:

" § 4. Business Districts. (a) In a business district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used, for any of the following specified trades, industries or uses:     *     *     *

" (15) Garage for more than five motor vehicles, not including a warehouse where motor vehicles are received for dead storage only, and not including a salesroom where motor vehicles are kept for sale or for demonstration purposes only." (See Minutes Bd. Est. & Apport. City of N. Y. 1916, vol. 5, p. 4244; Id. 1917, vol. 8, p. 7420; Cosby's Code of Ordinances [Anno. 1924], pp. 625, 626.)†

This section, as its words indicate, prohibits the use not only of a building but also of premises for a garage for more than five motor vehicles.

A property owner in the vicinity demanded that the superintendent of buildings revoke the permits which were issued to Ashley and the Multiplex Company. He claimed that the permits were in violation of article 2, section 4, of the Building Zone Resolution. The superintendent of buildings refused to revoke the permits and the board of appeals on an appeal from the building superintendent's decision reversed the superintendent and allowed the appeal. The permits were revoked and the Multiplex Company and Ashley were directed to abandon work on the premises.

On these certiorari proceedings the Special Term of Bronx county set aside the action of the board of appeals and restored the permit which had been granted originally by the superintendent of buildings.

We think that the erection of a number of individual garages in one group on premises in a business district, which group in the aggregate accommodates more than five motor vehicles, is a

* Since amd. by Laws of 1924, chap. 295.— [REP.

† See, also, Building Zone Resolution of October 3, 1924, § 4; Cosby's Code of Ordinances (Anno. 1925), pp. 639, 640.— [REP.

violation of the provision of article 2, section 4, of the Building Zone Resolution.

There is no specific provision therein which restricts the use of premises, except as to the erection of a garage for more than five motor vehicles on any premises, yet it would certainly be a palpable evasion of the reason for the law to permit the use of premises for many separate garages, although none is designed for more than five motor cars.

It apparently was not the intention of the framers of the Building Zone Resolution to permit the erection of a large number of individual garages housing in the aggregate more than five motor cars. The scheme is obviously a mere device for defeating the application of the zoning restrictions as to this business district, and it should be restrained in line with the decision of the public authorities having control of such matters, to wit, the board of appeals, if such restriction can be carried out. We recently decided in *People ex rel. Werner* v. *Walsh* (212 App. Div. 635) that the courts would not attempt to interfere with the discretion of the members of this board in rejecting or permitting the erection of garages in certain streets where applications had been made and allowed by the board or rejected by the board merely because the court might come to a different determination. Certainly, the effect of the ruling permitting any number of small garages in a business district congregated in one plot destroys the business character of the district and turns the same into a garage community. There is practically no difference between a public garage for more than five motor cars under one roof and the distribution of small garages over an entire plot where more than five motor cars may be accommodated.

The board of appeals having exercised its judgment and discretion in not only a reasonable manner, but in accordance with the spirit of the Building Zone Resolution, and in good faith, and not contrary to any law, we should uphold their decision, since theirs is the responsibility for maintaining its salutary effect in guarding the various zone districts from improper invasion.

The form of the proceedings, if form were still vital, would require their dismissal, notwithstanding the directions for a writ of certiorari prescribed by section 719-a of the Greater New York charter (as added by Laws of 1916, chap. 503),* but under sections 105, 109 and 111 of the Civil Practice Act, the mistake of process (the suing out of a *writ* of certiorari) will be disregarded. The

---

* Since amd. by N. Y. Local Laws of 1925, No. 13. See City Home Rule Law, § 10 *et seq.;* Id. §§ 32, 33, 36; *Browne* v. *City of New York* (125 Misc. 1; revd., 213 App. Div. 206).— [REP.

Civil Practice Act has abolished the writ of certiorari, except in certain tax matters not here material, and relief under that ancient writ and the more modern statutory writ is now provided by a certiorari order, except as specified in tax matters. Accordingly, the title, proceedings, petition and all necessary papers will be deemed amended to conform to the proper practice as now prescribed in section 1283 *et seq.* of the Civil Practice Act. Since the remedy is no longer by State writ, the title should not bear the legend: " People of the State of New York on the Relation of " the petitioner, but henceforth ought to be entitled, " In the Matter of the Application of " the petitioner.

We think the orders appealed from should be reversed, with ten dollars costs and disbursements, the certiorari orders dismissed, and the proceedings of the board of appeals confirmed, with fifty dollars costs in each case.

CLARKE, P. J., DOWLING and BURR, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting):

The provisions of the Building Zone Resolution of 1916, as amended, prohibiting the use of any building or premises for and the erection within a business district of a garage intended to be used for more than five motor vehicles is in derogation of the common-law rights of the petitioners, and must be strictly construed. (*Woollcott* v. *Shubert,* 217 N. Y. 212, 220; *Apex Leasing Co.* v. *Litke,* 173 App. Div. 323; affd., 225 N. Y. 625.) Thus construed, I think there has been no violation of the Building Zone Resolution in question. The petitioners have erected and are about to erect on separate lots one-car garages. The proposed garages are unconnected and are separately numbered, and are intended to be leased out separately and are not to be operated otherwise than individually. Under such circumstances I do not think there has been any violation of the Building Zone Resolution.

I, therefore, dissent from the majority of the court and vote to affirm the orders of the Special Term annulling the determination of the board of appeals in respect to the revocation of building permits to the petitioners.

In each case: Order reversed, with ten dollars costs and disbursements, the certiorari order dismissed and the determination of the defendants confirmed, with fifty dollars costs.