In the Matter of the Application of FOX LANE CORPORATION, Petitioner, for a Certiorari Order against MICHAEL F. LOUGHMAN and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 7, 1929.

*Lucy C. McDannel* [*Roscoe Irwin* of counsel], for the petitioner.

*Hamilton Ward, Attorney-General* [*Henry S. Manley, Assistant Attorney-General,* of counsel], for the respondents.

HILL, J.   The petitioner seeks a refund of $3,875 paid pursuant to the Tax Law at the time of recording a mortgage.   A six-story apartment house was to be constructed upon land belonging to petitioner, located at the corner of Lincoln avenue and Bowne street, borough of Queens (Flushing), New York city.   The trust deed or mortgage was dated October 2, 1925, and by its terms secured the payment of a temporary bond for $775,000 which was issued on the same day.   A trustee was named, and the loan had been underwritten by S. W. Straus & Co., Inc.   The temporary bond was conditioned that the petitioner would pay to the bearer at the Straus offices $775,000 on October 1, 1925, with interest payable semi-annually at six and one-quarter per cent.   It contained a recital that it had been executed and was to be dealt with as provided by section 3 of article 1 of the mortgage, which provides as follows:

" Section 3. Pending the preparation of said definitive bonds, the Company has executed and delivered to the Trustee and the Trustee has authenticated a temporary bond for the principal sum of $775,000 substantially of the tenor of said definitive bonds, which temporary bond has been redelivered to the Company and may by it be sold and negotiated.   Such temporary bond shall be subject to all the terms and provisions hereof and be exchangeable

without expense to the holder for the definitive bonds when the same are ready and upon such exchange said temporary bond shall be cancelled by the Trustee and delivered to the Company for destruction. Until so exchanged it shall be entitled to the same security as said definitive bonds."

An instrument signed by petitioner is attached to the return, citing the receipt from the Straus Company of $98,625, which it appears was made up of the following items: $62,000, the Straus commission on the loan; $7,750, Straus' expenses in connection with the loan; $25,000, to retire prior mortgage on the land; $3,875, to pay mortgage tax now sought to be recovered.

The portion of section 263 of the Tax Law under which this application is made reads as follows: "Whenever a duly verified application for a refund of mortgage taxes, erroneously collected by a recording officer, is made to the Tax Commission it shall be the duty of such Commission to determine the amount that has been erroneously collected and make an order directing such recording officer to refund the amount so determined   *   *   *."

After recording the mortgage the parties learned that a zoning ordinance would not permit them to construct the kind of building contemplated. The mortgage was canceled, the money partly or wholly refunded, and the transaction in relation thereto ended.

Upon recording the mortgage, no attempt was made to take advantage of section 259 of the Tax Law, which provides in part: "In the case of mortgages made by corporations in trust to secure payment of bonds or obligations   *   *   *,   if the total amount of principal indebtedness which under any contingency may   *   *   * become secured by any such mortgage which is subject to this article has not   *   *   *   become secured thereby before such mortgage is recorded, it may contain at the end thereof a statement of the amount which at the time of the execution and delivery thereof   *   *   *   is then secured by such mortgage; thereupon the tax payable on the recording of the mortgage shall be computed on the basis of the amount   *   *   *   which is stated to be secured thereby."

This seems to indicate that at the time of recording the parties considered the whole amount was secured by the mortgage.

By the transaction an obligation had arisen, a mortgage had been given to secure its payment, a bond issued and accepted, a part of the money advanced. The parties then canceled the mortgage because they learned of a pre-existing ordinance which would not permit accomplishment of their plans as originally made. The tax became due and payable when the mortgage was recorded. The statute does not provide for a refund when the mortgage is can-

celed. Under such conditions, even if we give the broadest construction to the words " erroneously collected, " no refund can be made. The parties elected by their act to treat the mortgage as one where the full amount of the principal indebtedness was secured. The debt had been created, and section 253 of the act levies a tax of fifty cents " for each one hundred dollars and each remaining major fraction thereof of principal debt or obligation which is * * * secured at the date of the execution thereof."

" We take the statute as we find it." (*People ex rel. U. S. Title Guaranty Co.* v. *Tax Commission*, 230 N. Y. 102, 105.) And so considering it, even though the equities may be with the petitioner, relief does not seem possible.

The determination of the Tax Commission should be confirmed, with costs.

VAN KIRK, P. J., DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.