THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHELE DI LEO, Respondent, *v.* WILLIAM N. EDWARDS and Others, Constituting the Board of Review and Determination for the Town of Rye, Westchester County, New York, and HALSEY J. MUNSON, as Town Assessor of the Town of Rye, Westchester County, New York, Appellants.

Second Department, March 27, 1936.

*George Levitus* [*Allen M. Look* with him on the brief], for the appellants, appearing specially.

*Melville Ehrlich*, for the respondent.

DAVIS, J.  The relator, Michele Di Leo, was the owner of several parcels of real property in the town of Rye, Westchester county, which had been assessed in 1934 on the assessment rolls of that town.  Claiming that the assessments were erroneous because of excessive valuation and by reason of inequality as compared with the valuations of other property in the vicinity, he filed a petition September 28, 1934, asking for a review of these assessments.  On that day an order was granted directing the issuance of a writ of certiorari; and the writ was allowed and issued.  This writ was returnable October fifteenth and the date of its issuance and the day fixed for the return are concededly within the time prescribed by statutes.

The record is somewhat incomplete.  It appears, however, that the respondents made no return, but, instead, on December 13, 1934, moved to quash the writ for defective service.  Their claim of defective service rests on the fact that the relator caused to be

served uncertified copies of the writ on the officers, instead of certified copies. An order was made setting aside the service, but the order granting the writ was not vacated nor was the writ of certiorari quashed. Later, the relator moved for an order extending the return from October 15, 1934, to a later date, and providing that the writ might be served by serving certified copies of it on the respondents. All these proceedings were taken within the limit of time fixed by the statute in which the assessments might be reviewed. The motion was granted and the date of the return fixed as the 1st of February, 1935, and the respondents were permitted to serve certified copies on or before January twenty-first. The town assessor and the members of the board of review have appealed from this order.

Both parties have assumed and seem to agree that it was necessary to serve certified copies, and that the service of the uncertified copies was defective. We accept that view for the purposes of the appeal. However, we call attention to the fact that certiorari proceedings under article 78 of the Civil Practice Act, which lead to the granting of a certiorari order, are entirely different from the proceedings to review assessments by writ of certiorari under article 13 of the Tax Law, as amended.

In sections 290 to 296 of the Tax Law, in force at the time this proceeding was commenced, the courts were given very full power of review in this statutory proceeding, comparable with other special proceedings where jurisdiction of the Supreme Court is invoked. There was no special provision as to the service of the writ of certiorari in those sections at the time this proceeding was instituted; but by an amendment to section 291 (Laws of 1935, chap. 778) provision was made for service of copies of the writ without requirement that the copies be certified. Therefore, the manner of service has become settled for the future.

The question here is that of the power of the court to correct an irregularity. The officials given authority to assess property were in no way left uninformed of the facts or the grievances of the property owner, nor were their rights prejudiced by receiving uncertified copies instead of those certified. Jurisdiction of the subject-matter, at least, was acquired when the petition was filed and the writ issued. Very likely, as the appellants argue, that part of section 291 of the Tax Law which provides that the court may extend the date of making the return was intended to be for the benefit of the officer or board required to make a return. Nevertheless, the courts have asserted jurisdiction and granted relief in cases where there has been mistake, error or inadvertence, once the proceeding had been commenced; and would not for technical reasons permit objectants to escape review on the merits. Instead of dismissing

the proceedings, the power of the court would be exercised properly in its discretion, without permitting its jurisdiction to be divested, in making correction of the proceeding *nunc pro tunc* or in granting an amendment to the writ or to the petition. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Cook*, 62 Hun, 303; *People ex rel. Erie R. R. Co.* v. *Webster*, 49 App. Div. 556, and *People ex rel. Radeziwon* v. *City of Buffalo*, 62 Misc. 313.) In other jurisdictions the power of review is strictly limited by statute; and the authorities to be found in such jurisdictions in respect to the termination of the proceeding by failure to make service before the return day, have no weight on the questions here presented

The authorities above cited antedated the adoption of the Civil Practice Act. Then rules of practice were more strict. In response to a general demand the practice has become more liberal. By section 105 it is provided that "At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms."

This section has been viewed by the courts as remedial in its nature in respect to procedure, to the end that slight mistakes or irregularities not affecting the merits or the substantial right of a party shall not become fatal in their consequences. It does away with the purely technical or legalistic objections by which a party seeks to gain some advantage over his adversary. (*Matter of Multiplex Garages, Inc.*, v. *Walsh*, 213 App. Div. 155, 158; revd. on other grounds, 241 N. Y. 527.) (See, also, *People ex rel. Durham Realty Corporation* v. *Cantor*, 234 N. Y. 507; *Holmes* v. *Staib Abendschein Co., Inc.*, 198 App. Div. 354; *Weltick* v. *Tufano*, 233 id. 875.)

As we have already pointed out, the service of uncertified copies affected no substantial right of the tax authorities. No advantage should be gained by this mistake or error, if error there was; and we have no occasion at this time to express disagreement with what is said respecting service of the writ in *People ex rel. New York Central R. R. Co.* v. *Gilson* (239 App. Div. 108; affd., without opinion, 265 N. Y. 457).

We conclude that there was power in the court at Special Term to grant relief to the relator; and that the order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., YOUNG, JOHNSTON and ADEL, JJ., concur.

Order extending return day of writ of certiorari and permitting relator to serve certified copies of the writ affirmed, with ten dollars costs and disbursements; the return to be filed within ten days after entry of the order herein.