THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Respondent, *v.* FRANK J. TAYLOR, as Comptroller of the City of New York, Appellant.

First Department, May 1, 1936.

*Meyer Bernstein* of counsel [*Sol Charles Levine* with him on the brief; *Paul Windels, Corporation Counsel,* attorney], for the appellant.

*Samuel B. Stewart, Jr.,* of counsel [*Joseph C. White* and *George G. Tyler* with him on the brief; *Cravath, deGersdorff, Swaine & Wood,* attorneys], for the respondent.

COHN, J.   The question presented upon this appeal is solely one of law relating to the propriety of the procedure adopted by relator in seeking a judicial review of a determination of the comptroller of the city of New York which denies relator's claim for a refund of certain utility taxes upon gross income paid by virtue of the provisions of Local Law No. 10 of 1934 of the City of New York, enacted pursuant to chapter 302 of the Laws of 1934.

To review the comptroller's final action, relator obtained at Special Term an *ex parte* order for a writ of certiorari.   The comptroller, asserting that relator has mistaken its procedure, moved to dismiss the proceeding, and to set aside the order for the writ of certiorari and the writ of certiorari, upon the ground that it was improperly issued, as the local law specifically provides for a review of his determination by order of certiorari.   From the order denying this motion the comptroller has appealed.

The provisions of the local law outlining the remedy to be pursued by an aggrieved party following an imposition of the tax appear in sections 6 and 10 thereof.   So far as pertinent they read as follows:

" § 6. Determination of tax by comptroller  *  *  *.   After such hearing the comptroller shall give notice of his decision to the person liable for the tax.   *An order of certiorari* shall not be granted unless the amount of any tax sought to be reviewed, with penalties thereon, if any, shall be first deposited with the comptroller and an undertaking filed with the comptroller, in such amount and with such sureties as a justice of the Supreme Court shall approve, to the effect that if *such order* be dismissed or the tax confirmed the applicant for *the writ* will pay all costs and charges which may accrue in the prosecution of the certiorari proceeding."

" § 10. Refunds.  *  *  *   An appl cation for a refund made as herein provided shall be deemed an application for a revision of any tax or penalty complained of and the comptroller may receive additional evidence with respect thereto.   After making his determination the comptroller shall give notice thereof to the person interested and he shall be entitled to a *certiorari order* to review such determination, provided application therefor is made within thirty days after the giving of such notice."   (Italics the court's.)

The express language of these provisions clearly establishes that a review of the comptroller's determination contemplated therein is by order of certiorari. Section 10 explicitly states that the taxpayer shall be entitled to a certiorari order to review the comptroller's determination. The word " writ " appears in but a single instance in the entire act (§ 6) and from a scrutiny of the context it becomes quite obvious that it is incorrectly employed, as being synonymous with the word " order."

The local law provides for a hearing to be had before the comptroller (§§ 6 and 10), the taking of testimony before him under oath (§ 11), and the issuance by him of subpœnas requiring the attendance of witnesses and the production of documents (§ 12). There is thus presented a final determination after a hearing by an inferior officer acting in a judicial or a quasi-judicial capacity. As the local law is silent upon the procedure to be pursued upon review by certiorari order of such judicial or quasi-judicial action, the procedure is necessarily regulated by article 78 of the Civil Practice Act (Civ. Prac. Act, § 1284). Under the common law the remedy in such cases was by writ of certiorari. (*People ex rel. Smith* v. *Hoffman*, 166 N. Y. 462.) The writ, with appropriate changes, became part of the jurisprudence of New York State and continued as such until the enactment of the Civil Practice Act (Laws of 1920, chap. 925, in effect Oct. 1, 1921), when the writ was abolished and the order of certiorari was substituted therefor, preserving, however, " the writ of certiorari under the Tax Law, or under any other general or special statute, to review assessments for purposes of taxation which are placed upon the local tax rolls." (Civ. Prac. Act, § 1283.)

The rules of law and procedure in connection with the ancient common-law writ, now supplanted by the certiorari order, remain, for the most part, unchanged. (*Matter of Long Island R. R. Co.* v. *Hylan*, 240 N. Y. 199, 207.) The granting of the order of certiorari is discretionary (Civ. Prac. Act, § 1290); the hearing thereon is, in the first instance, held at a term of the Appellate Division of the Supreme Court within the judicial department embracing the county where the order was returnable (Civ. Prac. Act, § 1300); the appellate court examines the evidence to see if it is sufficient to sustain the action of the inferior tribunal (Civ. Prac. Act, § 1304); the return is conclusive as to all questions of fact, and the allegations thereof must be accepted as true. (*Matter of Reed* v. *Board of Standards & Appeals*, 255 N. Y. 126.)

The procedure with respect to the writ of certiorari differs radically from that following the issuance of a certiorari order. The writ, employed to review assessments levied upon real estate placed

upon local tax rolls, is a special statutory proceeding under article 13 of the Tax Law, and is governed strictly by the terms of the statute. (Tax Law, §§ 290–307.) Its issuance is not discretionary and the writ is returnable to a Special Term of the Supreme Court where there is a hearing *de novo* by the court on questions of fact and law, the petition and the return being regarded as pleadings. The procedure as established under the Tax Law is exclusive and the provisions of the Civil Practice Act relating to orders of certiorari do not apply except in connection with subjects upon which the Tax Law is silent, in which instance only the pertinent provisions of the Civil Practice Act are applicable. (*People ex rel. New York Central R. R. Co.* v. *Gilson,* 239 App. Div. 108.) The tax under consideration here is not a property tax but an excise or privilege tax.

Judicial review of proceedings before the State Tax Commission by order of certiorari under the provisions of the Civil Practice Act has been followed in other proceedings affecting tax matters, as for example (1) denial of claims for refund under the New York State Retail Sales Tax Law pursuant to article 17 of the Tax Law, sections 390–404 (*People ex rel. Walker Engraving Corp.* v. *Graves,* 243 App. Div. 652; affd.; 268 N. Y. 648; *People ex rel. Foremost Studio, Inc.,* v. *Graves,* 246 App. Div. 130); (2) application for refund of a mortgage tax (*Matter of Fox Lane Corp.* v. *Loughman,* 225 App. Div. 417); (3) transfer tax levied on the real property of a non-resident decedent (*People ex rel. Nash* v. *Loughman,* 220 App. Div. 549; revd. on other grounds, 245 N. Y. 649). It is to be noted, too, that the language of the sections of the New York State Retail Sales Tax Law (§§ 397 and 401) concerning the right of review by certiorari order is strikingly similar to, and in some cases identical with, that employed in Local Law No. 10 of 1934 (§§ 6 and 10).

We conclude that the comptroller is correct in his contention that a review of his decision upon the amount or validity of a tax under Local Law No. 10 of 1934, as amended, must be had by order of certiorari within the provisions of article 78 of the Civil Practice Act, and not by writ of certiorari.

A dismissal of these proceedings, however, would preclude any court review of the comptroller's determination denying relator's application for a refund of taxes, imposed under an alleged unconstitutional law, amounting to $11,956.94, as an application for a certiorari order to review must be made within thirty days after the comptroller gives notice of his decision. (New York Local Law No. 10 of 1934, § 10.) This period has long since expired. The verified petition submitted, upon which the writ of certiorari was granted, contained all the necessary averments for an order of certiorari. Here form is not vital, and the error may be dis-

regarded under sections 105, 109 and 111 of the Civil Practice Act. (*Matter of Multiplex Garages, Inc.,* v. *Walsh,* 213 App. Div. 155, 158; *Matter of Beckley* v. *Pyrke,* 218 id. 352; affd., 245 N. Y. 541; *Matter of O'Brien* v. *N. Y. State Teachers Retirement Board,* 215 App. Div. 220; affd., 244 N. Y. 530.) In the circumstances, to deprive relator of its right of review would be unjust. While the writ of certiorari must be vacated, the order granting it may be amended so as to provide for the issuance of an order of certiorari and the title, proceeding, petition and all necessary papers may be amended to conform to the proper practice as now prescribed in article 78 of the Civil Practice Act. (*Matter of Multiplex Garages, Inc.,* v. *Walsh, supra.*)

The order appealed from should, accordingly, be reversed, with twenty dollars costs and disbursements to the appellant, the writ of certiorari vacated, and the order granting the writ amended so as to provide for the issuance of an order of certiorari in proper form.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, the writ of certiorari vacated, and the order granting the writ amended so as to provide for the issuance of an order of certiorari in proper form. Settle order on notice.