THE GERMAN MASONIC TEMPLE ASSOCIATION OF THE CITY OF NEW YORK, Appellant, *v.* THE CITY OF NEW YORK, FRANK J. TAYLOR, as Comptroller, and WILLIAM REID, as Collector of the City of New York, Respondents.

First Department, April 14, 1938.

*Eugene Cohn* of counsel [*Morris Grossfield* with him on the brief], for the appellant.

*Sol Charles Levine* of counsel [*Oscar S. Ccx* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the respondent.

COHN, J. We think that the Special Term properly dismissed the complaint upon the ground that it did not allege such special circumstances as to warrant a departure from the statutory procedure prescribed by Local Law No. 29 of the New York City Local

Laws for 1935, sections 7 and 10, and Local Law No. 31 of the New York City Local Laws for 1936, sections 7 and 10, for testing out liability for the sales tax. A declaratory judgment will not be entertained " where a full and adequate remedy is already provided by another well-known form of action." (*James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305; *Newburger* v. *Lubell*, 257 id. 383; Borchard on Declaratory Judgments, [1934] pp. 156, 157.)

The special circumstances which were present in the cases of *Socony-Vacuum Oil Co., Inc.*, v. *City of New York* (247 App. Div. 163; affd., 272 N. Y. 668); *Dun & Bradstreet, Inc.*, v. *City of New York* (276 id. 198), and *Young Men's Christian Assn.* v. *City of New York* (251 App. Div. 821; affd., 276 N. Y. 619) are not found here.

In its complaint, plaintiff asserts it is a charitable organization; that it is and always has been exempt from all manner of taxation; that in the year 1880 it erected a building in the city of New York known as a temple for the use of fraternity members and that in the year 1888 it purchased and since has maintained at Tappan, in the county of Rockland, New York, property and buildings, known as a home, which was used as an asylum for the support of indigent Masons and their wives and the widows of deceased Masons; that its income from the temple building is used exclusively for the support and relief of inmates of the home; that it is aggrieved because of enforced payments on account of a sales tax imposed by the defendant city of New York upon sales to it of furniture, building materials, appliances and other personal property and gas, electricity, steam and telephone for domestic and commercial use for the aforesaid temple; that plaintiff seeks a judgment declaring it to be a semi-public institution within the meaning of the exemption provisions of Local Laws No. 29 of 1935 and No. 31 of 1936 which impose the sales tax complained of by plaintiff and an injunction restraining defendants from imposing on and collecting from the plaintiff or its vendors the so-called sales tax.

It appears in this case that there will be a sharp issue of fact as to whether plaintiff is " a charitable institution supported wholly or in part by public subscription or endowment and not organized or operated for profit." Its status, in the absence of special circumstances, should be determined in the statutory proceeding before the comptroller. The local law specifically provides for adequate and speedy procedure for the determination of any tax liability and for a judicial review of an assessment if the taxpayer is found subject to the tax. (*People ex rel. Staten Island R. T. R. Co.* v. *Taylor*, 247 App. Div. 405.) The statutory procedure has been heretofore followed by semi-public institutions. (*Matter of New York University* v. *Taylor*, 276 N. Y. 620.)

We are of the opinion that, where the statute furnishes adequate relief, resort should not be had to declaratory judgment without a showing of special circumstances sufficient to justify a failure to utilize the remedial provisions of the local laws. In *Socony-Vacuum Oil Co., Inc.*, v. *City of New York (supra)* the question involved was the validity of a regulation by the comptroller seeking to impose the city sales tax upon receipts from the sale of gasoline and to include in the measure of the tax the amount collected by the vendor as New York State gasoline tax. There was no issue of fact presented in that case, and as it involved " every seller of gasoline in the city of New York as well as every purchaser," the court believed that a declaratory judgment was the appropriate remedy " to avoid a multiplicity of suits and circuity of action, and because of the invalidity of the regulation so far as it is attacked." (247 App. Div. 163, 167.) In *Dun & Bradstreet, Inc.*, v. *City of New York (supra)*, by the nature of plaintiff's business, it was held that its dealings, which embraced thousands of transactions, and which required plaintiff to furnish to subscribers information respecting the financial standing of persons engaged in business, would not be subject to tax. The main ground for allowing declaratory judgment in that case was the absence of an issue of fact. The Court of Appeals, in the *Dun & Bradstreet* case, in an opinion by HUBBS, J., states (at p. 206): " The undisputed facts in this case make it peculiarly one where the remedy of a declaratory judgment should be granted. That remedy is applicable in cases where a constitutional question is involved or the legality or meaning of a statute is in question *and* no question of *fact* is involved. In such cases, pure questions of law are presented."

In *Young Men's Christian Assn.* v. *City of New York (supra)*, plaintiff was shown to be operating twenty-eight different branches and the complaint showed that the comptroller had refused to allow exemption to plaintiff, although it appeared that it was a semi-public institution.

In this case an issue of fact is involved and no special circumstances are set forth in the complaint which authorize a disregard of the statutory method of procedure in favor of an action in declaratory judgment. Borchard, in his text on Declaratory Judgments, makes the following apposite statement (at pp. 156 and 157): " Where, however, a *special statutory* method for the determination of the particular type of case has been provided, it is not proper to permit that issue to be tried by declaration. This would amount to ousting of its jurisdiction a statutory court prescribed for the particular case, and it was not intended that a declaration should be employed for such a purpose."

It may well be that upon proof plaintiff will successfully establish that it is a charitable institution, not subject to the provisions of the City Sales Tax Act. In the circumstances of this case, however, it should be relegated to the procedure provided by the local law. The comptroller's determination of the question following hearings provided by statute may be reviewed by this court as provided in the local laws and by article 78 of the Civil Practice Act (Laws of 1937, chap. 526). We think that plaintiff will thus be accorded full and adequate relief in the statutory proceeding and we can find no occasion or necessity here for a resort to an action in declaratory judgment.

For the foregoing reasons the order and judgment appealed from should be affirmed, with costs.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Judgment and order unanimously affirmed, with costs.