In the Matter of the Application of CHARLES F. JOYCE, Petitioner, for a Certiorari Order against JOHN DOBSON and Others, Constituting the Zoning Board of Appeals of the Town of Tonawanda, Respondents.

Supreme Court, Erie County, May 23, 1938.

*Gibbons, Pottle & Pottle,* for the petitioner.

*O. Clyde Joslin,* for the respondents.

HINKLEY, J. This is an application asking for an order of certiorari under the Town Law to review the action of the zoning board of appeals of the town of Tonawanda. Certain orders have been abolished by the Civil Practice Act and relief can only be granted under article 78 of the Civil Practice Act.

The question is not raised as to whether article 78 of the Civil Practice Act abolishes writs of certiorari as provided in the Town Law, and upon either view the relief asked for is the same. Form is not vital, and a mistake of process will be disregarded. (*Matter of Multiplex Garages, Inc.,* v. *Walsh,* 213 App. Div. 155, 158.)

Petitioner purchased a lot at the northwest corner of Colvin avenue and Highland parkway in the town of Tonawanda. At the time of purchase the property had not been zoned. Later and in 1928 the town of Tonawanda enacted a zoning ordinance. Petitioner's property was zoned as residence property. At the same time

the northeast and southeast corners of Colvin avenue and Highland parkway were zoned for business, together with the four corners at Colvin avenue and Sheridan boulevard. Later the zoning ordinance was modified by the town board by zoning the southwest corner of Colvin avenue and Highland parkway for business.

On March 3, 1938, petitioner applied to the building commissioner for a permit to erect upon his property a gasoline station in accordance with plans then submitted. On March 7, 1938, the building commissioner denied petitioner's application upon the ground that his premises were zoned for residence purposes and could not be utilized for business. Petitioner then applied to the zoning board of appeals of the town of Tonwanda for a variance similar to the one granted to the owner of the southwest corner of the two streets which would permit the erection of a gasoline station upon petitioner's premises. On March 30, 1938, the zoning board of appeals declined to vary the ordinance as petitioner requested.

The exercise of the drastic power conferred upon a town board to zone districts for various purposes is justified only upon the theory of the greatest good to the greatest number. Hardships, inequalities and injustices are bound to follow the enactment of a general zoning ordinance. For that reason powers of variance or adjustments are given to the zoning board of appeals. At the outset there was no sensible or just reason to zone two corners on one side of Colvin avenue for business and restrict the other two corners to residences. Had the town board desired to maintain Colvin avenue as a residence street there could have been no complaint. But when it determined that business should only be conducted on one side of a main thoroughfare, it went contrary to the natural and proper growth of a municipality. The zoning board of appeals recognized this principle in varying the ordinance by permitting the southwest corner to be utilized for business. This left petitioner's land restricted to residence and all the other three corners zoned for business. Just why the zoning board of appeals refused to adjust the inequality caused by the ordinance and its own conduct cannot be explained. The simple statement that petitioner's property is, of the four corners, alone restricted to residence is a striking argument. Objections by property owners of nearby property restricted to residences were presented to the zoning board of appeals. Undoubtedly, those desires, whether expressed or not, were not considered either by the town board in zoning two corners for business, or the zoning board when it enacted a variance of the zoning ordinance in favor of the southwest corner for business. These objections fall of their own weight in the light of the permitted use of the other three corners for business.

Every logical reason seems to condemn the action of the zoning board in this instance. Every court hesitates to interfere with the discretionary power of a governmental body. (*People ex rel. Minor* v. *Walsh*, 231 App. Div. 860; *Matter of Leone* v. *Brewer*, 235 id. 684.) In this instance, however, the action of the zoning board was arbitrary, unjust, inequitable, unfair and an abuse of its discretionary power.

Petitioner is entitled to relief in accordance with an order to be settled upon notice or at the convenience of the court and counsel, with twenty-five dollars costs.