In the Matter of THE NEW YORK CENTRAL RAILROAD COMPANY, Petitioner, Respondent, against RICHARD P. LIMBURG, as Supervisor, and Others, as Councilmen, Together Constituting the Town Board of the Town of North Castle, Westchester County, Appellants. (1937 Sewer Assessment.)

In the Matter of THE NEW YORK CENTRAL RAILROAD COMPANY, Petitioner, Respondent, against RICHARD P. LIMBURG, as Supervisor, and Others, as Councilmen, Together Constituting the Town Board of the Town of North Castle, Westchester County, Appellants. (1938 Sewer Assessment.)

(Consolidated Appeals.)

Second Department, March 31, 1941.

*James B. Stilson,* for the appellants.

*Clyde Brown, Jr.,* for the respondent.

PER CURIAM. These proceedings were commenced by petitions for certiorari orders to review sewer assessments for 1937 and 1938. In *People ex rel. N. Y. C. R. R. Co.* v. *Limburg* (283 N. Y. 344) a like assessment for 1939 was held to be invalid as to respondent's right of way, but valid as to its railroad yards. The town board contends that the County Court was without jurisdiction, and that respondent's exclusive remedy was by writ of certiorari in the Supreme Court under sections 290 *et seq.* of the Tax Law (Cons. Laws, ch. 60), the procedure adopted in the case just cited. By section 246 of the Town Law (Cons. Laws, ch. 62) County Courts were given jurisdiction, concurrent with that of the Supreme Court, to review assessments on local tax rolls, and that jurisdiction has been preserved to the County Courts through successive amendments of section 1283 of the Civil Practice Act. The Tax Law, which controls exclusively all matters and proceedings relating to taxation and to the review of assessments (*Pratt Institute* v. *City of New York,* 183 N. Y. 151, 157; *People ex rel. Lawrence* v. *Supervisors,* 73 id. 173, 176; *Mercantile Nat. Bank* v. *Mayor, etc., of N. Y.,* 172 id. 35, 42), provides that a review is to be had by a writ of certiorari (§ 291). The form of the present proceedings, if form were still vital, would require their dismissal. Under sections 105, 109 and 111 of the Civil Practice Act, however, the commencement of the proceedings by petitions will be disregarded. They will be deemed to have been commenced by writs. The title of each proceeding is changed to read, " People of the State of New York on the Relation of " the respondent against the appellants, and all proceedings, petitions and other necessary papers will be deemed to be amended to conform to the practice prescribed in the Tax Law.

564

The above sections of the Civil Practice Act are remedial as to procedure, to the end that mistakes or irregularities not affecting the merits or a substantial right of a party shall not be fatal in their consequences, and they do away with purely technical or legalistic objections by which a party might seek to gain an advantage over his adversary. (*Matter of Multiplex Garages, Inc.*, v. *Walsh*, 213 App. Div. 155, 158, 159; revd. on another ground, 241 N. Y. 527; *People ex rel. Di Leo* v. *Edwards*, 247 App. Div. 331, 333, 334; *People ex rel. Staten Island R. T. R. Co.* v. *Taylor*, Id. 405, 408, 409.)

The two orders appealed from should be affirmed, with one bill of ten dollars costs and disbursements.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ.

Orders of the County Court of Westchester County unanimously affirmed, with one bill of ten dollars costs and disbursements.