THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRVING SAYPOL, as Executor of CHARLES W. BEALL, Deceased, Petitioner, against E. FLOYD GRIFFIN et al., Constituting the Board of Appeals of the Town of Oyster Bay, Respondents.

Supreme Court, Special Term, Nassau County, September 9, 1943.

*Saypol & Kotler* for petitioner.

*Theodore V. Summers* for respondents.

KADIEN, J. This is an application to review the action of the Board of Appeals of the Town of Oyster Bay in denying petitioner's application for a variance of the zoning ordinance so as to permit the manufacturing, assembling and loading of small arms and ammunition on petitioner's premises. The property, now occupied by Frank Buck as a circus ground for the housing and training of all kinds of wild animals, is zoned under the Building Zone Ordinance for "Business H District Uses" which permits, among others, the following uses: 1) circus or fair grounds; 2) garage or filling station; 3) penal or correctional institution, hospital or sanitarium for the insane or feeble minded; 4) printing plant, electric substation; 5) crematory, incinerator, refuse disposal plant, mausoleum, mortuary; 6) hand laundry; 7) wholesale business.

It appears that, in view of the ban placed upon automobile driving, the circus or amusement park operated on said premises has produced no income. The petitioner, therefore, has entered into an agreement with the Lexington Manufacturing Corporation to lease said premises to it for the duration of the war and for six months thereafter, provided a variance of the zoning regulations is obtained. The Lexington Manufacturing Corporation, which assembles, manufactures and loads small arms and ammunition and supplies, is an essential industry vital to the war effort. In view of the fact that the petitioner herein seeks a variance only for the duration of the war and for six months thereafter, I am of the opinion that a variance should be granted. " Where as here the ultimate good can be attained and a productive use allowed, a use that will be temporary and provisional and readily terminable when new conditions supervene, the landowner is wronged if the allowance is refused " (*People ex rel. St. Albans-Springfield Corp.* v. *Connell*, 257 N. Y. 73).

Under all the circumstances, therefore, the action of the Board of Appeals was arbitrary and illegal and should be reversed and annulled. The application of the petitioner is, accordingly, granted.

Settle order on notice.