In the Matter of JOHN C. CAPER, Petitioner, against MORGAN PARKER, et al., Constituting the Zoning Board of Appeals of the Town of Lewisboro, Respondents.

Supreme Court, Special Term, Westchester County, October 11, 1945.

*William Scott, II,* for respondents.

*Koback & Chase* for petitioner.

PATTERSON, J. The respondents move to dismiss the petition in this proceeding on the ground that the same is insufficient in law, and on the further ground that certiorari proceedings pursuant to section 267 of the Town Law, is the exclusive remedy offered to the petitioner.

The proceeding was commenced to review a decision of the Zoning Board of Appeals of the Town of Lewisboro, Westchester County, denying an application of the petitioner to review the decision of the Building Inspector on an application for a certificate of occupancy.

So much of the motion as is addressed to the sufficiency of the petition does not warrant discussion, as in my opinion it is sufficient.

As to the procedural remedy to review the decision of the Board of Appeals, it is the position of the respondents that the petitioner is required to proceed by an order of certiorari, rather than a notice of motion under article 78 of the Civil Practice Act.

It is not the petitioner's position that section 267 of the Town Law was repealed by article 78 of the Civil Practice Act. On the other hand, he depends on section 267 for the authority of the maintenance of the proceeding, and that the proceeding is now pending under said section of the Town Law. The method of initiating the proceeding has been changed by the Civil Practice Act, and the petitioner has adopted the new procedure in seeking a review of the Board of Appeals' decision under section 267 of the Town Law. Section 267 provides that any person disagreeing with the decision of the Board of Appeals may present a petition to a court of record to allow a certiorari order directed to the Board of Appeals to review such decision. Section 1283 of the Civil Practice Act, being article 78, which was adopted after the provision of the Town Law above referred to, abolished all writs of certiorari except the writ of certiorari under the Tax Law. This would seem to leave the petitioner as his sole remedy, the proceeding under article 78 of the Civil Practice Act.

The substantive law governing proceedings to review decisions of a Board of Appeals is still contained within, and is still controlled by section 267 of the Town Law. The adjective law governing the mechanics of bringing the proceeding before the court is now contained in the Civil Practice Act. There is a wide distinction between the right to maintain a proceeding and the method of instituting it.

The Town Law and the Civil Practice Act are not inconsistent, and the petitioner is not required to show that article 78 of the Civil Practice Act repealed the Town Law in order to sustain this petition.

In the *Matter of Joyce* v. *Zoning Board* (167 Misc. 723) Judge HINKLEY wrote, " This is an application asking for an order of certiorari under the Town Law to review the action of the zoning board of appeals of the town of Tonawanda. Certain orders have been abolished by the Civil Practice Act and relief can only be granted under article 78 of the Civil Practice Act." Judge HINKLEY said the question there was not raised as to whether article 78 of the Civil Practice Act abolished writs of certiorari as provided in the Town Law, but intimates that it is. Form is not vital and a mistake of process will be disregarded.

I can find no case that holds that the petitioner has not chosen

the right remedy in proceeding under article 78 of the Civil Practice Act. In the following cases, the petitioners followed article 78 when proceeding under the Town Law, and no case has been found that shows where the old order of certiorari was adopted as a form of procedure after article 78 was enacted. (*Matter of Olp* v. *Town of Brighton*, 173 Misc. 1079; *Matter of Village of Island Park* v. *Bulk Plants, Inc.*, 258 App. Div. 185; *People ex rel. Saypol* v. *Griffin*, 182 Misc. 454; *Westchester County S. P. C. A.* v. *Mengel*, 266 App. Div. 151.) The last case was affirmed by the Court of Appeals in 292 New York 121.

I deny the respondents' motion to dismiss the petition, and grant them ten days in which to file a return after the service of an order herein.