Per Curiam.

The order appealed from arose from a proceeding brought on by an order to show cause why an order should not be made declaring section 15 of the Zoning Ordinance of the Town of Greece unconstitutional and why the resolution of the zoning board of appeals of the town of Greece, dated July 27,1948, should not be annulled and set aside.
The petitioner had applied to the zoning board of appeals for a special permit to erect a restaurant, tavern and grill, under the section.
The resolution sought to be annulled denied the petitioner’s application therefor.
Petitioner alleges that the section is unconstitutional and the determination of the board illegal, (1) because it deprives petitioner of the property right without due process of law, (2) is illegal, invalid, arbitrary and capricious because there are no norms or standards provided for the exercise of the board’s discretion and (3) that the said section is unconstitutional and the action of .the board invalid in that the section attempts to regulate the sale and distribution of alcoholic beverages, which regulation is solely within the province of the State of New York and not delegated to the various localities.
The petition was considered by the Special Term as an application under section 267 of the Town Law and article 78 of the Civil Practice Act to annul the determination of the town zoning board of appeals denying application by petitioner for a special permit to erect a restaurant, tavern and grill and to compel the granting of such a permit. The Justice at Special Term wrote (194 Mise. 783, 785): “ This application is to review that ruling by the board. It is regarded as having been *516 brought under both section 267 of the Town Law and article 78 of the Civil Practice Act, which coexist except where they conflict (Matter of Gaper v. Parker, 185 Misc. 948), and in the latter instance section 267 of the Town Law takes precedence (Town of Greece v. Smith, 256 App. Div. 886) with the consequence that applications of this nature are heard in the first instance at Special Term instead of being transferred to the Appellate Division (Matter of Hopkins v. Board of Appeals, 178 Misc. 186, 191). Moreover, since this application must be disposed of on objections to the petition in point of law, it is, in any event, to be decided by Special Term in the first instance under section 1293 of the Civil Practice Act which is part of article 78 ”.
We do not find in the record any objections raised to the petition in point of law.
The decision recites that petitioner attacks the validity of the ordinance first on the ground that there is an unlawful delegation of authority to the zoning board of appeals to grant special permission for them in commercial districts and second that the town zoning ordinance conflicts with the State Alcoholic Beverage Control Law and he found neither objection sound.
On this record, we do not view petitioner’s application as one to review the ruling of the board on his special application which the board denied.
He asks only a declaration of unconstitutionality of the section and an annulment of the determination denying his application for a special permit.
By paragraph1 ‘ 8 ” of his petition he claims illegality because the section provides no norm or standard for the board’s guidance in the exercise of its discretion.
While the ordinance may be held unconstitutional for that reason (Matter of Little v. Young, 274 App. Div. 1005, affd. 299 N. Y. 699), we do not think that this record discloses anything which brought the question of constitutionality properly before the court.
Even if the application was to be one considered to review a determination the papers on appeal comply with neither section 1284 of the Civil Practice Act nor section 267 of the Town Law.
In fact, the petition and the show cause order make no mention of a review and nothing to be reviewed was before the Special Term.
The petitioner makes a direct frontal attack upon the validity *517 of the ordinance and clearly asks that it be declared unconstitutional upon his motion to do so.
We feel that he cannot in this proceeding seek to declare invalid and unconstitutional the ordinance under which he sought relief.
We think his remedy, if any, is by a proceeding under article 78 of the Civil Practice Act, in the nature of mandamus or by an action for a declaratory judgment. (Dowsey v. Kensington, 257 N. Y. 221; Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222; 10 Carmody on New York Practice, pp. 355-356.)
We, therefore, feel that the order, insofar as it denies the motion to declare the ordinance unconstitutional on the papers presented must be affirmed but insofar as it confirms the decision of the zoning board must be reversed.
All concur. Present — Taylor, P. J., McCurn, Love, Kim-ball and Piper, JJ.
Order insofar as it confirms the decision of the zoning board reversed on the law and otherwise order affirmed, without costs of this appeal to any party. [See 277 App. Div. 833.]