Daniel E. Macken, J.
On June 1, 1964 petitioner served its petition and notice of application to review an assessment of real property upon the respondent. The application was returnable June 22, and on that date the attorneys for the parties censented that the matter be referred to a Beferee to hear and report. Following the execution of a formal stipulation to that effect, signed by the attorneys for the petitioner and respondent *450 on June 29 and July 16, respectively, an order of reference was made on August 12. There have been no further proceedings in the matter.
Petitioner failed to comply with the requirement of section 708 of the Beal Property Tax Law that a copy of the petition and notice be mailed to the Clerk of the School District within 10 days from the date of its service on the respondent, and now moves, pursuant to CPLB 2001, for permission to correct that omission. A copy of the notice of this motion was served upon the School District and there was no appearance on its behalf. In an answering affidavit, respondent’s attorney asserts that the omission to serve the School District is a fatal jurisdictional omission and asks that the proceeding be dismissed.
By the express provision of the statute, the School Board does not become a party to the proceeding by service of the notice and petition, and I have no hesitancy in concluding that, at least insofar as the City of Corning is concerned, the failure to serve the School Board does not vitiate the proceedings. In any event, such a contention may have been waived by the stipulation referring the matter. (Matter of Deering Realty Corp. v. Podeyn, 18 A D 2d 821.)
The only purpose for the requirement of service on the School Board, apparent to me, is that the £ £ board should have the opportunity of seeking to sustain the assessments as made or that the board at least should have forewarning of an impending-change in valuations affecting its tax base”. (Long Island R. R. Co. v. City School Dist. of City of Long Beach, 13 A D 2d 782.) The latter case had reference to a since repealed section of the Education Law and a review of the record on appeal reveals a state of facts far different from those here presented. (See, also, Long Island R. R. Co. v. City School Dist. of City of Long Beach, 4 Misc 2d 243.)
At the present stage of this proceeding, no substantial right of the School Board or of the respondent will be prejudiced by permitting service on the board. (People ex rel. Di Leo v. Edwards, 247 App. Div. 331.)
Petitioner’s motion is granted provided that copies of the petition and notice be mailed to the Clerk of the School District of the City of Corning within 10 days after service of a copy of the order to be entered herein, and such mailing shall be deemed compliance with the statute. Bespondent’s motion to dismiss the petition is denied.