■ Isabella Ayoub, Appellant, v Joseph Ayoub, Respondent. [883 NYS2d 179]—

Order, Supreme Court, New York County (Saralee Evans, J.),

entered December 10, 2008, which, to the extent appealed from, denied plaintiff's request to modify the preliminary conference order to permit her to litigate the equitable distribution of the marital residence, unanimously affirmed, without costs.

The preliminary conference order indicated that the issue of equitable distribution was resolved and that all financial and property issues except for child support were resolved by the parties' prenuptial agreement. In her motion to modify the preliminary conference order, plaintiff did not demonstrate good cause (*see* 22 NYCRR 202.16 [f] [3]) to raise the issue of equitable distribution of the marital residence. Indeed, contrary to her contention, the prenuptial agreement is clear that the only property subject to equitable distribution is that titled in joint names, of which there is none. While the agreement contains a separate section dealing with a marital residence, the plain language of paragraph 4 of that section provides for equitable distribution only if "the Marital Residence is purchased as Jointly Owned Property."

Nor is relief available under CPLR 2001, since the waiver of the issue of equitable distribution in the preliminary conference order was not simply a slight mistake (*see People ex rel. Di Leo v Edwards*, 247 App Div 331 [1936]). Similarly, no relief is available under CPLR 2221. In her motion papers, plaintiff did not even assert that the preliminary conference order reflected a misapprehension of law or facts. Furthermore, the court correctly found that plaintiff's hiring of new counsel did not present a new fact permitting her to revisit the issues resolved in the preliminary conference order.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Buckley, Renwick and Freedman, JJ.