In the Matter of the Application of FOY PRODUCTIONS, LTD., and PRINCIPAL FILM EXCHANGE, INC., Petitioners, for an Order against FRANK P. GRAVES, as Commissioner of Education of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, September 24, 1937.

*Goldstein & Goldstein [Jonah J. Goldstein* and *Lawrence Kovalsky,* of counsel], for the petitioners.

*Ernest E. Cole [Charles A. Brind, Jr.,* of counsel], for the respondent.

BERGAN, J. The relief sought by petitioners clearly comes within subdivision 7 of section 1296 of the Civil Practice Act. The purpose of the amendment of 1937 (Laws of 1937, chap. 526), in general, was not to enlarge the scope of review by the Special Term to include certiorari proceedings based upon the sufficiency of evidence to sustain the determination sought to be reviewed or the weight of the evidence upon which the determination was based. Such a review, as under the former practice, is within the jurisdiction of the Appellate Division. The primary purpose of the amendment seems to have been to prevent the failure of the relief appropriate to a given case because of a mistake in remedy enumerated in the proceeding. In some respects the jurisdiction of the Special Term seems to have been enlarged by the amendment but the jurisdiction does not extend to the question whether the evidence before an officer or a board having the power to make a determination was sufficient to sustain the determination and whether from such evidence the determination was reasonable. The reasonableness of the determination of the Commissioner of Education in this case must be " transferred for disposition to a term of the Appellate Division held within the judicial department embracing the county in which the proceeding is instituted." This relief is sought by the petitioner in the alternative.

An order directing such transfer of this proceeding to the Appellate Division, Third Department, may be submitted.