In the Matter of the Application of PENN-YORK NATURAL GAS COR-
PORATION, Petitioner, for an Order against MILO R. MALTBIE
and Others, Constituting the Public Service Commission of the
State of New York, Respondents.

Supreme Court, Special Term, Albany County, October 25, 1937.

*John Howell [Frueauff, Burns, O'Brien & Ruch, Herzog & Nichols, James P. Farrell,* and *Joseph A. Burdeau* of counsel], for the petitioner.

*Gay H. Brown,* for the respondents.

BERGAN, J. The petitioner is a Pennsylvania business corporation. It is engaged in the transportation of natural gas by means of a pipe line from Pennsylvania to New York. In New York it sells all of the gas so transported to a single purchaser, the Republic Light, Heat and Power Company, which in turn, as a public utility, sells the gas in certain areas of Chautauqua and Genesee counties. The pipe line by which petitioner transports gas in this State crosses public streets and highways at 132 points and in two places runs longitudinally in highways for 1,613 feet and 718 feet respectively. The consents of local authorities so to use the public streets and highways were obtained by the petitioner at the time the line was constructed. The approval of the Public Service Commission was not then sought. The statute (Public Service Law, § 68) provides that no gas corporation shall begin construction of a gas plant without first having the permission and approval of the Public Service Commission. Power to grant such permission is vested in the Commission whenever it shall determine that the exercise of the right, privilege or franchise " is necessary or convenient for the public service." The petitioner applied in December, 1936, to the Public Service Commission for approval and permission *nunc pro tunc* to construct the line which had theretofore been completed, and to exercise the privileges and rights in public streets and highways theretofore granted by local authorities. The Commission denied the application on the ground that the petitioner, as a business corporation engaged in private transportation of gas and not a public utility, was not entitled to receive or to exercise the permission and consents of local authorities so to use public streets and highways.

The relief sought by the petitioner is that the order of the Public Service Commission be " reviewed and set aside " pursuant to article 78 of the Civil Practice Act. This article, added by chapter 526 of the Laws of 1937, and now effective, supersedes our former procedure in respect of certiorari to review, mandamus and prohibition. It consolidates the practice relating to these kinds of relief. Its design, at least, is in the interest of simplification, and it admits of that relief, within the jurisdiction of the Supreme Court at its Special Term or Appellate Division, that may be

appropriate to the facts alleged. It fixes definite limitations of time (§ 1286); reiterates and somewhat enlarges the meaning of terms long used in our practice (§ 1284); provides quite definite rules of pleading which, in general, follow those applicable to an action (§§ 1288, 1291, 1292); provides expressly for objections addressed to the pleadings (§ 1293), for the manner in which the proceeding shall be instituted (§ 1289) and for the procedure before the court (§§ 1295 and 1296). It broadens the scope of the relief to be granted and removes technical limitations that have, in the past, frequently stultified an adequate remedy appropriate to the facts (§ 1300). The jurisdiction of the Special Term is enlarged.

An answer has been interposed by the respondents containing denials of certain allegations of the petition, but, read in its entirety and in the light of the affirmative matters pleaded, and under the concessions made by counsel, no triable issue of fact is presented within the meaning of section 1295. It is undisputed that the petitioner is a business corporation and not a public utility; that its pipe lines are used in interstate commerce and that it has obtained permission from local authorities to lay such lines in public streets and highways. These are the essential facts upon which a review is sought. The competency and value of the proof adduced in support of the determination made by the Public Service Commission are neither challenged nor sought to be reviewed by the proceeding. The issue is, therefore, not one which, under subdivisions 6 and 7 of section 1296, requires the transfer of the proceeding to the Appellate Division. It falls within subdivision 5, and, perhaps, also subdivision 3 of that section. The Special Term, accordingly, is required to " dispose of the cause on the merits." These facts distinguish the case from that decided by this Special Term in *Matter of Foy Productions, Ltd.,* v. *Graves* (164 Misc. 479).

The petitioner contends that the Public Service Commission has no jurisdiction over it as a business corporation. A " gas plant," among other things, is property operated or used in connection with the conveying or transportation of natural gas. (Public Service Law, § 2, subd. 10.) A " gas corporation " is one which owns or operates a gas plant. (§ 2, subd. 11.) The exceptions in the subdivision do not apply to the petitioner. The petitioner, accordingly, is a " gas corporation." As such it can neither begin the construction of a gas plant nor exercise any right or privilege under any franchise granted to it without " first having obtained the permission and approval " of the respondents. (Public Service Law, § 68.) Whatever may be the infirmities of the general jurisdiction of the Public Service Commission over the petitioner as

a business corporation not engaged in service as a public utility, it must be deemed to have jurisdiction over that branch of its corporate activity which is devoted to the construction of a gas plant and the exercise, as a gas corporation, of rights or privileges under a franchise. Those are the only subjects relating to the petitioner in which the respondents attempted to exercise jurisdiction.

The permanent nature of the structures under public streets and highways and the continuous use in which they are employed renders the permissive right to enjoy them " franchises " within the fair intendment of section 68. In that section " franchise " and " consent " are apparently used in reference to the same right or privilege. These consents are not mere permits for temporary or extraordinary uses of public property, but they are such a permanent occupation that, under whatever other name they may be called, they come within what is intended to be described in the Public Service Law as a franchise.

The classic definition of a franchise was given long ago. " A franchise is a special privilege conferred by government on individuals, and which does not belong to the citizens of a country generally, by common right." (*Curtis* v. *Leavitt*, 15 N. Y. 9, at p. 170. See, also, *Bank of Augusta* v. *Earle*, 13 Pet. 519; *Matter of Rhinehart* v. *Redfield*, 93 App. Div. 410, 414; *Waterloo Water Co.* v. *Village of Waterloo*, 200 id. 718, 721; *Smith* v. *Mayor*, 68 N. Y. 552, 555; 26 C. J. 1008.)

The power to grant a franchise for a special use of a public street or highway resides in the State. It is exercised usually through delegation of the power to local authorities. (*Ghee* v. *Northern Union Gas Co.*, 158 N. Y. 510, 513.) The delegation rests upon express authority. It has been said the duty to serve the public " goes hand in hand with the privilege of exercising a special franchise * * * by the occupation of the public highways." (Cardozo, J., in *People ex rel. Cayuga P. Corp.* v. *Public Service Comm.*, 226 N. Y. 527, 532.) The relationship between the duty and the privilege is not fully interdependent, however, where there is an express delegation of power to grant the franchise on one hand, and an ultimate public benefit to be obtained on the other. A contrary result would place too narrow an interpretation on what was said in the *Cayuga* case.

. Express statutory authority exists for the granting of franchise to this petitioner by the proper authorities. It has obtained the permission of the county superintendent of highways where its pipe line crossed county highways. (Highway Law, § 130.) It has obtained the permission of the State Department of Public

Works where it crossed State highways (Highway Law, § 52), and it has obtained permission of the town board where town highways were involved. The principal contention of the respondents is that the town boards were without authority to grant the privilege within the scope of the delegation of power to them by the Legislature. (Town Law, § 64, subd. 7.) Such boards may, under that statute, grant franchises, permissions or consents "for any specific purpose authorized by law." I agree with the respondents that the purpose authorized by law, as far as this petitioner is concerned, is not to be found in the Transportation Corporations Law. The petitioner does not fall within the definition of a " gas corporation " provided by that statute (Transp. Corp. Law, § 10), nor may the petitioner, under the same statute, exercise the powers or obtain the consents of local authorities enumerated in subdivision 3 of section 11 of the Transportation Corporations Law.

It has already been seen, however, that the petitioner is a " gas corporation " within the definition of the Public Service Law. By necessary implication, under the provisions of section 68 of the Public Service Law, I think it may obtain consents of local authorities as a proceeding preliminary to an application for approval by the Public Service Commission of either the construction of a gas plant or the exercise of the privilege of a franchise. That is " a specific purpose authorized by law " and the petitioner is one of the kinds of corporations that may, as part of a proceeding antecedent to its application to the respondents, obtain such a permission from the local authorities.

The definition of a gas corporation given in the Public Service Law is broader in scope than that of the Transportation Corporations Law. It is contemplated apparently, and such is the contention of respondents, that a corporation which constructs a gas plant becomes a gas corporation for the purpose of public service administration, irrespective of whether such corporation is a business corporation or a public utility. If this were not the legislative intent, there would have been no need to add in the Public Service Law a further definition of a gas corporation than that already given by the Transportation Corporations Law. To the extent it engaged in business as a gas corporation it could apply to the Public Service Commission for permission to erect a gas plant and for approval of a franchise previously granted by the proper authorities.

This corporation provides a means of gas supply to a public utility. It is engaged in a private business, but its business is closely related to the public interest. To carry the position of the respondents to its ultimate conclusion would operate to prevent

the purchase of a supply of natural gas by a public utility from a private corporation regardless of public necessity or convenience.

If every gas corporation, public or private, within the scope of the Public Service Law, constructing a gas plant or exercising a franchise is, under the public policy of the State, sufficiently identified with the public interest to require the approval of its plant and the exercise of rights in public property under local consents by the Public Service Commission, as is contended by the respondents, it is sufficiently so identified to be able to obtain the local consents prerequisite to such approval. If the statute is broad enough to confer this power on the respondents, it is broad enough to confer the privilege on the petitioner. If the petitioner's business is sufficiently remote from the public interest, on the other hand, to preclude its exercise of the privilege, it is sufficiently remote to avoid the jurisdiction of the respondents. It would seem to follow, if this be the case, that the opinion of the Commission that the town authorities had no power to grant the consents or franchises because not " authorized by law " under subdivision 7 of section 64 of the Town Law, would be entirely gratuitous. The place to test the validity of a franchise is in the Supreme Court at the instance of the People. (Civ. Prac. Act, § 1208.) I think the Public Service Commission cannot determine the question of the sufficiency of the local consents unless it has jurisdiction of the petitioner, and, if it has jurisdiction, petitioner may properly apply for and obtain the consents.

It must be admitted that the permission to use the public property in State and county highways, when granted by the proper State or county officials, is wholly unhampered by any suggestion in the law that the use must be in the exercise of a public service. The distinction urged by the respondents relating to town authorities indicates no consistent public policy of the State in the delegation of the power to grant such permits or franchises. A construction of the public policy of the State which would allow a private gas line to be constructed under a State or county road, but would prohibit it under a town road is to be avoided, if possible, and reasonable harmony given to the general scheme of such delegated powers. The consents of the State and county officials to use State and county highways for a gas plant are, however, franchises which, as well as those granted by towns, must be approved by the respondents before they may be exercised by the petitioner as a gas corporation.

In so far as the order of the Public Service Commission is sought to be reviewed and set aside on the grounds given for its decision, I think the relief should be granted. It is quite another thing,

however, to require the respondents to approve the plant and franchises of the petitioner. That they may be required to do, only if they determine that the right or franchise is necessary or convenient for the public service. The Commission is required to determine that question.

The power to determine these questions, and its exercise by the respondents, places no burden upon interstate commerce. As far as this case is concerned the Public Service Commission will determine whether the exercise of a special use of the property of the State of New York is in the public interest of the State. This is a matter for the Legislature to determine and it is a reasonable exercise of the sovereign power of the State. The petitioner, engaged in interstate commerce, is treated in precisely the same manner as a similar gas corporation engaged in intrastate commerce.

No costs. Submit order.