In the Matter of the Application of MARY V. GILLIGAN, Widow of THOMAS J. GILLIGAN, Former Inspector in the Department of Police, for a Pension.

Supreme Court, Erie County, October 21, 1940.

*Hanavan & Hanavan*, for the petitioner.

*David Diamond, Corporation Counsel,* for the Board of Police Pensions.

LYTLE, J.   This is an application pursuant to article 78 of the Civil Practice Act for a review of the determination heretofore made by the board of police pensions established by article 25 of the Charter of the City of Buffalo.*   Apparently the title of this

*Buffalo Local Laws of 1927, No. 4, published in Local Laws of Cities in State for 1932, p. 21.— [REP.

proceeding has been carried over from the proceeding sought to be reviewed. Perhaps it should be amended. (*Matter of Multiplex Garages, Inc.*, v. *Walsh*, 213 App. Div. 155; *Matter of Village of Asharoken* v. *Flynn*, 230 id. 750; *Matter of Foy Productions, Ltd.*, v. *Graves*, 164 Misc. 479; 253 App. Div. 475; affd., 278 N. Y. 498.)

The two principal questions presented upon this application are whether the petitioner is entitled to any review, and if so, in what forum. Under a provision that a specified officer " shall have the power " to grant a larger pension to the widow of a deceased member of the uniformed force of the New York city fire department in case of the death of such member resulting from actual performance of his duties, the exercise of such power is discretionary, and such discretion cannot be reviewed in the courts. (*Matter of Sheridan* v. *McElligott*, 278 N. Y. 59.) In the instance of an application of a member of a police department for disability retirement as to which there was a duty imposed upon the medical board to investigate all essential statements and certifications by or on behalf of the applicant, it was improper to direct a trial by jury of questions of fact when there was sufficient evidence to support the findings of the board. (*Matter of Rosenberg* v. *Board of Estimate*, 257 App. Div. 839, revg. 170 Misc. 800; affd., 281 N. Y. 835.)

The petitioner herein is also confronted by the limitations contained in section 1296 of the Civil Practice Act. Said section provides that if there is to be an inquiry as to whether there was any competent proof of all the facts necessary to be proved in order to authorize the making of the determination, or whether there was such a preponderance of proof against the existence of any of those facts as to indicate the determination contrary to the weight of evidence, the proceeding must be transferred to the Appellate Division. Such transfer may be made only if the determination under review was made as the result of a hearing held, at which evidence was taken pursuant to statutory direction. The opinion has been expressed that if the hearing resulting in the determination was not held and evidence not taken in pursuance of statutory direction, the weight, sufficiency and competency of evidence are not reviewable in a proceeding under said article 78; that the Special Term cannot review these matters nor can it transfer them to the Appellate Division. (*Matter of Rochester Gas & Electric Corp.* v. *Maltbie*, 172 Misc. 359. See, also, *Matter of Doherty* v. *McElligott*, 258 App. Div. 257.)

" This seems to me to be a radical limitation on the review by certiorari of the determination of a quasi-judicial tribunal; I believe I am right in stating that the profession has brought certiorari

proceedings in great number, where the hearings have been held not under statutory complusion but under statutory authorization, and the courts have reviewed the competency, sufficiency and weight of the evidence taken at the hearings. Particularly is this true in connection with hearings held and reviews had of determinations made by the Public Service Commission under its general statutory authority to hold hearings. The right to such review ought not to be abolished without full consideration of the wisdom of so doing.

" My attention has not been directed to any consideration of that question whether by the language of section 1296 there was removed the exercise of the power of the court to review on the competency, sufficiency or weight of evidence taken by this quasi-judicial tribunal.

" It may be reasonably clear that if an administrative agency without statutory authorization express or implied so to do, accords a hearing, the determination may be attacked in mandamus as arbitrary or capricious. Such an agency has not been constituted by the Legislature as a quasi-judicial tribunal.

" Of course we also appreciate that the Legislature may expressly withhold from the courts a review of the facts found by a quasi-judicial tribunal, for example section 20 of the Workmen's Compensation Law providing that the determinations of the Board are final as to all questions of fact. There are few such statutory provisions, and they are undoubtedly based upon exceptional considerations. But no sufficient reason is apparent for any such differentiation as results from the limitation of the power of judicial review of the evidence to hearings which are made mandatory by statute, as provided in this section, as contrasted with hearings that have been held under express statutory authorization. It seems to me that in most instances the tribunals are quasi-judicial tribunals so erected by statutory provision, and it appears that the courts have exercised the power by way of reviewing the competency, sufficiency and weight of evidence taken at hearings held in pursuance of statutory authorization. If that has been their power, I think I am right in saying that they have exercised that power in countless instances. Then the sections as presently framed should be restored or should be amended so as to restore the power of the court, which these two cases I have cited to you (*Matter of Rochester Gas & Electric Corp.* v. *Maltbie, supra* and *Matter of Doherty* v. *McElligott, supra*) hold has been withdrawn from the court by the particular phraseology of that section." (Address of Dean Carlos C. Alden to the Erie County Bar Association, March 6, 1940.)

The Charter of the City of Buffalo provides for a board of police pensions (§ 460), makes no provision for the conduct of hearings, delineates the members of the police pension fund (§ 462), and directs the board to grant a pension to the widow of any member who shall die during service or after retirement (§ 465). The amount of the pension to such widow is fixed at twenty-five dollars per month (§ 466, subd. 6). For the widow of any member who dies within one year after and as a result of injury received in the discharge of his duty, a substantially larger pension is provided (§ 466, subd. 4). The petitioner complains of the board's action in granting her the former rather than the latter. Before taking such action, the board held hearings, received sworn testimony and kept a stenographic record thereof. No attack is made upon the jurisdiction of the board or the fullness or fairness of the hearings.

The petitioner charges that the determination is against the weight of evidence; it is further charged on her behalf that substantial evidence is lacking in the measure required by established law to affect a substantial right. " The determination made affected substantial rights and was not merely the promulgation of administrative regulations. It was, therefore, quasi-judicial in character." (*Matter of Nash* v. *Brooks*, 276 N. Y. 75, 82.) If a determination is quasi-judicial, the facts will be reviewed upon one theory or another under article 78. In reversing *Matter of Rochester Gas & Electric Corp.* v. *Maltbie* (*supra*), all the Third Department Appellate Division said in answer to the doubts as to jurisdiction so ably stated by Justice BERGAN, was: "That determination is quasi-judicial and subject to review under article 78 of the Civil Practice Act." (*Matter of Rochester Gas & Electric Corp.* v. *Maltbie*, 258 App. Div. 682, 685.) To be sure, the ground stated was that the determination was not arbitrary or capricious. Despite the jurisdictional limitations described in *Matter of Doherty* v. *McElligott* (*supra*), the decision of the court was in favor of the petitioner and assured him of a review of some character.

If the decision of a body, officer, board, bureau or tribunal may be said to be quasi-judicial in character, the courts will examine it to determine whether it is arbitrary or capricious. If no evidence is found to support the determination it will be deemed arbitrary and capricious. The quantum of evidence necessary to support a determination seems to have changed. More than a mere scintilla always, but with a change in definition if not a change in amount. For years it has been believed that all the evidence must be weighed, and if, as a result of that process, there was discerned to remain in support of the finding " a residuum of legal evidence,"

the finding should stand. (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435, 440.) The legal residuum test was never very well understood, and the complex division of the court upon the decision in which the test was enunciated served little to clarify or strengthen the rule. Now this State is committed to the so-called substantial evidence test, sometimes referred to as the *Consolidated Edison* rule. (*Consolidated Edison Co.* v. *National Labor Relations Board*, 305 U. S. 197.)

" A finding is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably. A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based. That requires ' such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' (*Consolidated Edison Co.* v. *National Labor Relations Board*, 305 U. S. 197, 229.) The same test is applied in trials before a court and jury. Evidence which is sufficient to require the court to submit a question of fact to a jury is sufficient to support a finding by the administrative board." (*Matter of Stork Restaurant, Inc.*, v. *Boland*, 282 N. Y. 256, 273, 274.)

The petitioner herein is entitled to a review, not to weigh the evidence, or to reject a choice made by the board where it sees fit to believe one witness as against another, but to determine whether there was substantial evidence to support the decision of the Board. (*New York State Labor Relations Board* v. *Shattuck Co.*, 260 App. Div. 315.) The proper forum for such review is the Appellate Division. (Civ. Prac. Act, § 1296, subd. 6.) This proceeding should be transferred thereto.

Prepare and submit an order accordingly.