Benedict D. Dineen, J.
Petitioner instituted this proceeding under article 78 of the Civil Practice Act to declare the action of the board of directors of the respondent insurance company in dismissing the petitioner as a director as void and of no effect. Judical authorities have repeatedly stated that the court will not substitute its judgment for that of a governing body of an organization. The court will only look into the record to ascertain whether the procedure was in accordance with the by-laws, *601 whether the charges are substantial and did the member have fair notice and opportunity to be heard (Drummer v. Foot Clinics of New York, 12 N. Y. S. 2d 827). The notice sent out to the members of the board of directors was the usual notice of a regular meeting. Nothing therein contained advised the petitioner of any charges to be preferred against him or of any hearing for the purpose of removing him as a member of the board. The by-laws of the respondent provide: A Director may be removed for any of the following causes * * * (c) Conduct which in the opinion of the Board is prejudicial to the interest of the Company.”
Evidently it was pursuant to this section of the by-laws that the board declared the petitioner’s removal as a member. However the notice sent to members of the board and particularly to the petitioner did not disclose that charges would be preferred and a hearing had thereon. Nevertheless the board of directors proceeded at that meeting and voted to remove the petitioner and thereafter referred the matter to the State Superintendent of Insurance. The respondent contends that by clause (n) of section 511 of the State Insurance Law it becomes incumbent to forward the matter to the Superintendent of Insurance before whom the petitioner can present his defense and possibly be exonerated. No such procedure is set forth in clause (n) of section 511 of the Insurance Law. That section refers to notice given by the superintendent to take steps for the removal of a director whom the superintendent has found to be dishonest or untrustworthy after a hearing and is not applicable in the present situation. What the respondent is attempting to do is to seek the acquiescence and approval of the superintendent in removing the petitioner from the board of directors by its own act and not on the request of the superintendent. While it may be true that no organization can survive by permitting its members to thwart authority or to undermine its principles, and not considering whether the charges against petitioner are true or baseless, proper notice and a fair hearing are requisites to his removal. Motion granted.