Oweh McGtverk, J.
This is. a proceeding under article 78 of the Civil Practice Act to set aside petitioner’s expulsion from respondent, a membership corporation. Respondent has admitted in its answer the allegation that membership in respondent is a valuable asset.
It is well settled that on a proceeding to review expulsion by a corporation “ the court will not substitute its judgment for that of a governing body of an organization. The court will only look into the record to ascertain whether the procedure was in accordance with the by-laws”. (Matter of Pegg v. United Mut. Life Ins. Co., 6 Misc 2d 600 [1957].)
Petitioner complains of the procedure followed by respondent in expelling him. In many instances, petitioner’s claims are disputed by respondent. As to at least two of the complaints, the facts are not in dispute.
1. Article IX, section 2, of respondent’s by-laws, requires, as a prerequisite to expulsion, 30 days’ notice of a hearing. It states: ‘ ‘ such notice shall specify in particular the charges alleged ’ ’. Initially, adequate notice was given, but at the hearing additional charges were served on petitioner. There is no claim by respondent that such additional charges were not considered by its board. Its only answers are that the additional charges were merely cumulative and that petitioner waived any defect in the service of new charges by failing to object to them.
The right to be advised in advance of the charges is a fundamental right to which petitioner would be entitled even without the by-law provision (Glauber v. Patof, 183 Misc. 400, 402 [1944], affd. 269 App. Div. 687 [1st Dept., 1945], revd. on other grounds 294 N. Y. 583 [1945] ; Harmon v. Matthews, 27 N. Y. S. 2d 656, 659 [1941]). This right is not satisfied where charges are considered of which petitioner was not advised in advance of trial.
The defense of waiver is not available to respondent. Waiver is “ an intentional abandonment or relinquishment of a known right”. (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34, 37 [1917].) In a case such as the instant one, where respondent’s action coneededly deprived petitioner of a valuable right, “ the record should be scrutinized to see whether the proceedings have been conducted in the manner prescribed by the By-Laws; and * * # where it appears there has been some deviation or departure therefrom, the *293 doctrine of waiver should not he held to apply unless the evidence is clear and satisfactory” (Schmidt v. Rosenberg, 49 N. Y. S. 2d 364, 367 [1944], affd. 269 App. Div. 685 [1st Dept., 1945]). Here it cannot be said that respondent has produced “ clear and satisfactory ” evidence of waiver. All it claims is that petitioner did not object to the additional charges; however, it does not claim that petitioner attempted to answer such charges. Petitioner was not represented by a lawyer at the hearing. Mere failure to object to the reception of additional charges cannot suffice to constitute the “ intentional abandonment * * * of a known right ”. The burden is on respond-dent to comply with the requirements of the by-laws, not on petitioner to object to departures therefrom. (Schmidt v. Rosenberg, supra, p. 366.)
2. Section 2 of article IX of the by-laws further provides: 11 The ease against the member involved shall be presented to the Board by a member of the Grievance & Ethics Committee * * * Both sides shall have the right of cross-examination ”.
These provisions are held to imply that proof of the case against the accused member will take the form of oral testimony, at least in the absence of express waiver thereof, and no such waiver is claimed here. Concededly, not a single witness testified against petitioner; the entire “case” against it consisted of reading complaints from persons not present. The rights of confrontation and cross-examination, like the right of notice, are fundamental rights (Harmon v. Matthews, supra). These rights were not satisfied in the instant case. What has been said above concerning waiver of notice of charges is equally applicable to respondent’s claim that petitioner waived the requirements of confrontation and cross-examination by failing to ask for the production of witnesses.
The proceedings must be held invalid on each of the two grounds stated. Under the circumstances, there is no need to consider petitioner’s other complaints about the proceedings.
In addition to the rescission of its expulsion and in addition to reinstatement, petitioner asks that respondent be enjoined from giving publicity to the expulsion and requiring the publication of a retraction. Petitioner fails to show that respondent threatened to give or has given any publicity to the expulsion or any ground for the requirement that a retraction be published.
The motion is granted to the extent of setting aside the expulsion and reinstating petitioner to membership, without prejudice to a new hearing in accordance with respondent’s by-laws. The motion is denied in all other respects.