Joseph A. Suozzi, J.
This is an application pursuant to article 78 of the Civil Practice Act. The relief sought in the notice of motion is for (1) an order granting a review of the respondents’ determination “ in terminating the appointment ” of petitioner to the faculty of Hofstra College, and (2) an order annulling respondents’ determination and restoring petitioner as a lecturer at Hofstra College. The respondents, instead of answering, have moved to dismiss the petition pursuant to section 1293 of the Civil Practice Act on several grounds, among which are (1) that the petition failed to state facts suEcient to entitle the petitioner to the relief sought, and (2) that a proceeding under article 78 of the Civil Practice Act is not available in this matter.
The petition and the exhibits attached thereto reveal that the petitioner was appointed as a lecturer each semester commencing September, 1958 to and including September, 1962, to teach biology, and was assigned to the evening and Saturday sessions, and that on or about December 12, 1962, the chairman of the Biology Department was notified by the dean that the petitioner was ‘1 not to teach beyond the Fall term ’ ’. The petitioner claims that this action followed closely after the receipt by the dean of letters from several students in the petitioner’s Saturday and evening classes complaining about the text and manual used in the classes, the grading of examinations and the petitioner’s *229 personality traits. It is the petitioner’s claim that these letters of complaint were solicited by the dean of the evening program after oral complaints had been made to him by these students, whose identities have never been disclosed to the petitioner.
On December 15, 1962, the petitioner, in a writing addressed to the chairman of the executive committee, requested a hearing to “ refute the accusations ” which in her opinion jeopardized her professional reputation. Petitioner asserts that the respondents have refused to grant her any hearing at which she could confront her accusers or at which she could be represented by counsel.
It is the contention of the petitioner that pursuant to the faculty statutes of Hofstra College she was entitled (1) to be notified prior to December 15, 1962 that she would not be reappointed for the Spring semester and (2) to a hearing before a faculty committee on the charges against her.
The court has examined the “ Statutes of the Faculty of Hofstra College ”, attached to the petition as Exhibit H, and the “ Statement of Principles” by the American Association of University Professors, which was expressly adopted by the board of trustees of Hofstra College in drafting the “ Statutes ”. According to the “Statutes” a lecturer, while so designated, may not be granted tenure; shall be appointed “ for a term of one or two semesters and may be reappointed ” (IV, B, 1). Those whose positions may ripen into permanent appointment and have probationary periods of three, four and seven years respectively, are (1) professors and associate professors, (2) assistant professors, and (3) instructors. The professors and associate professors are appointed for the full period of their probation, three years; the assistant professors “ for a period of two years which may be renewed for terms of the same length the instructors “ shall be appointed on a yearly basis”. (V, C, 2.)
As to the termination of appointments by the college, the “ Statutes ’ ’ provide inter alia: “ Those [teachers] not on tenure will be notified not later than December 15th except in the case of first year Instructors, who will be notified not later than March 15th.” (V, C, 4(b).) This provision, included as it is under the heading of ‘1 Tenure ’ ’, pertains to those members of the teaching staff who have not, but may acquire tenure if they complete their probationary period. It insures to all teachers having the title of professor or instructor at least six months’ notice, except first-year instructors, who need only be given three months’ notice. That this interpretation is correct is shown when the “ Statutes ” are read together with that part of the *230 “ Statement of Principles ” titled “ Recommended Institutional Regulations on Academic Freedom and Tenure ” approved by the American Association of University Professors on August 4, 1957 (Exhibit C of moving papers). Section 2 (b) of those “ Regulations ” provides for at least six months’ notice to a probationary appointee having more than one year of service, and three months’ notice to a first year probationary instructor.
The court finds that since the petitioner, as a lecturer, was not a probationary appointee and could not acquire tenure, she was not entitled to notice by December 15, 1962 that a contract for the Spring semester would not be offered to her. Therefore, insofar as the petition herein seeks a review of the respondents’ determination not to rehire the petitioner for the Spring semester and seeks her restoration as a lecturer at Hofstra College, it must be dismissed as not stating facts sufficient to entitle the petitioner to this relief.
The second contention made by the petitioner is that she was entitled to a hearing pursuant to the “ Statutes of the Faculty of Hofstra College ’ ’. Section VII-A, 1 (b) 5 provides as follows : “ VII. Faculty Committees. A. Standing Committees. 1. Executive Committee * * * b. Duties * * * (5) To serve as a hearing and grievance committee upon the written request of an individual who has been dismissed while on tenure or whose term of appointment has not expired (hearings will be held in accordance with the procedures defined by the Spring, 1947, A. A. U. P. Bulletin, and the Committee shall report its findings and recommendations to the President or his designate, to the Dean of the Faculty, and the instructor involved); and to hear grievances other than those listed above and those which cannot be handled through normal channels (the presentation of a grievance in writing to any member of the committee shall guarantee a hearing) ”.
As the court reads and interprets this provision, an individual who requests a hearing in writing is entitled to one if he qualifies under one of three categories, to wit: (1) an individual who has been dismissed while on tenure; (2) an individual whose term of appointment has not expired; and (3) an individual in a category other than (1) and (2) who has grievances which cannot be handled through “ normal channels ”. Whether we regard the petitioner as an individual whose term had not expired (since her term ran to the end of the Fall semester), or as one who had •a grievance which could not be handled through normal channels, she was entitled to a hearing under these provisions.
This right to a hearing is not an insubstantial one. The fact that the enforcement of this right may not succeed in aceom *231 plishing the practical result of obtaining for petitioner a new contract for the following semester is of no consequence, and immaterial to the consideration of whether or not her right to the hearing should be enforced.
The accusations against the petitioner are of such a nature as to jeopardize her standing and reputation as a teacher and to cast a damaging shadow on her qualifications and ability. From all the papers before the court it would appear that the charges and accusations made against her may be without foundation, and may be the result of a “ collusion ” between students in the evening and Saturday sessions. As recently as October, 1962, the petitioner had been promoted, and the head of her department rated her as “ excellent ” academically and spoke in complimentary terms of her performance as a teacher. To allow accusations by students who are permitted to hide behind a “ screen of anonymity ” to stand unchallenged, and to refuse to one so accused an opportunity to refute the accusations, violates our basic concepts of democratic justice and academic freedom.
Apart from the right to a hearing as provided for in the “ Statutes ”, the respondents’ refusal to grant the petitioner a hearing is inconsistent with the resolution adopted by the faculty of Hofstra College at a meeting of March 17, 1953, and which is incorporated in section II-B of the “ Statutes ” under the heading “ Threats to Academic Freedom” and provides as follows: “ 3. 6 That members of the present staff, or those hereafter to be employed, should, by all agencies of the College, be defended from unwarranted attack or slander from whatever source. ’ ”
The statement of the prayer for relief contained in the notice of motion raises some question as to whether in this proceeding the petitioner seeks an order directing that a hearing be held. However, a reading of the petition itself and the affidavit of the petitioner’s attorney removes any doubt that the relief requested clearly included a prayer for an order compelling the resprnidents to give to the petitioner the hearing before the executive committee of the faculty, as requested by her in her writing-dated December 15, 1962 (Exhibit D). Accordingly, the court will consider the notice of motion and the petition before it as containing this prayer for relief.
Among the contentions made by the respondents in seeking a dismissal of this petition is that a proceeding under article 78 of the Civil Practice Act is not available in this matter. Respondents admit that there have been determinations made by the courts in article 78 proceedings in which the rights of *232 college professors and instructors have been involved, but they argue that such cases are distinguished because “ they are not aware of any case in which the appropriateness of such proceeding was questioned Respondents further argue that inasmuch as the respondent university is not a public body, but a private institution of higher learning, article 78 of the Civil Practice Act was not intended to apply to it.
The court does not agree. The intended purpose and effect of article 78 was the simplification and unification of procedure in connection with the three old remedies of certiorari to review, mandamus and prohibition (Matter of Five-Boro Personal Loan Corp. v. Bell, 61 N. Y. S. 2d 445, affd. 271 App. Div. 1011) as well as the broadening of relief and the removal of technical limitations (Matter of Penn-York Natural Gas Corp. v. Maltbie, 164 Misc. 569). This court finds that the relief sought by petitioner herein, broadly, is in the nature of mandamus. The primary object of a. mandamus order is to compel action. That is, the remedy is one whereby petitioner seeks to compel the body or officer proceeded against to exercise a power or perform a duty imposed upon it (People ex rel. Harris v. Commissioners of Land Office, 149 N. Y. 26; 22 Carmody-Wait, New York Practice, p. 185, note 18).
While generally the purpose of mandamus is to compel action by public officers, the remedy may be used to compel action by private corporations (People v. New York, Lake Erie & Western R. R. Co., 104 N. Y. 58) or associations (Mandamus, Ann. 137 A. L. R. 311). There are numerous instances where this procedure has been held appropriate. Among them are People ex rel. Cecil v. Bellevue Hosp. Med. Coll. (60 Hun 107, affd. 128 N. Y. 621), where the arbitrary refusal of a medical college to confer a degree was held to be an appropriate situation for mandamus; and Matter of Nametra, Inc. v. American Soc. of Travel Agents (28 Misc 2d 291), where it was held that although the court will not substitute its judgment for that of the governing body of an organization, it will enforce the right of an aggrieved person to have had full benefit of the by-laws of the organization and to have the procedures outlined in such by-laws followed. A recent instance where article 78 was used to question the propriety of acts by a private university is Matter of Carr v. St. Johns Univ. (17 A D 2d 632, affd 12 N Y 2d 802).
The petitioner herein was not afforded the right to a hearing, to which this court has found she is entitled pursuant to the “ Statutes ” of Hofstra College. A petition in the nature of a mandamus under article 78 of the Civil Practice Act is the appropriate remedy to enforce this right. However, since the *233 respondents have not submitted an answer on the merits, they will be given an opportunity to do so before an order directing a hearing will be made. While this court, upon the papers presently before it, has found that petitioner should have a hearing before the Hofstra faculty, it will not direct such a hearing without considering respondents’ answer (see Matter of Davlee Constr. Corp. v. Town of Huntington, 16 A D 2d 974, 975). Although the petition is not as concise as it might be, the court does not agree with respondents that “ it is impossible to make any answer ” to it.
Finally, the court cannot find on the papers before it that petitioner has an adequate remedy at law as respondents contend, nor does it find that the instant proceeding is premature.
Accordingly, the respondents’ cross motion is denied and they are directed to interpose an answer to the petition within 8 days after service upon them of a copy of the order to be entered herein. The return date, to be provided for in the order, shall he 10 days after service of same upon respondents (see Civ. Prac. Act, § 1293).