■ WILLIAM H. HOFFMAN, Appellant, v. IRVING H. BACHRACH, Respondent. — In an action to recover damages for personal injury resulting from plaintiff's fall on an icy stairway leading from the defendant's home to the sidewalk, the plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered December 21, 1962, after a jury trial, dismissing the complaint at the end of plaintiff's case. Judgment affirmed, without costs. In our opinion the defendant was not negligent. Under the circumstances, the short interval which had elapsed between the time the defendant obtained notice of the icy condition and the time of the accident was not sufficient to charge him with the duty of correcting such condition (*Preuschoff* v. *Wank*, 16 A D 2d 690; *Falina* v. *Hollis Diner*, 281 App. Div. 711, affd. 306 N. Y. 586). Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ In the Matter of ROSE BARONE, Respondent, v. JOHN C. ADAMS, as President of Hofstra College, et al., Appellants.— In a proceeding under article 78 of the former Civil Practice Act, to annul a determination of the president and faculty of Hofstra College, not to continue the petitioner as a lecturer, the college and its said officials appeal from an order of the Supreme Court, Nassau County, dated July 2, 1963, which (a) denied their motion to dismiss the petition; and (b) directed them to "afford petitioner a hearing in accordance with the statutes of Hofstra College". The appeal was taken pursuant to the permission granted by order of the court, dated September 12, 1963. Order reversed on the law, without costs; motion to dismiss the petition granted, and petition dismissed *in toto*, without costs. No charges were presented against petitioner; she was not dismissed. She was concurrently serving as teacher in the New York City Public School System, and she may have had tenure in that system. Her compensation from Hofstra College, however, was merely additional compensation earned as lecturer, pursuant to contract, and without tenure. Upon termination of the contract the college officials did not offer to renew the contract. As they were entirely within their rights in so doing and as she had no tenure at Hofstra, a hearing with respect to their determination was unavailable to her. Beldock, P. J., Ughetta, Kleinfeld, Christ and Rabin, JJ., concur. [39 Misc 2d 227.]