John J. O’Brien, J.
Petitioner in this article 78 proceeding seeks an order directing respondents to grant petitioner a degree of Associate of Arts.
Petitioner enrolled in Schenectady County Community College in September, 1969 as a full time student for the purpose of securing an Associate of Arts degree in Liberal Arts. Prior to his enrollment at respondent college, petitioner had attended *375 two other colleges and he was given certain transfer credits for this prior work. Petitioner claims that he consulted with the Dean, Director of Admissions, Acting President, Guidance Counselor and Chairman of the Mathematics Department of respondent college in an effort to establish a course of study which would enable him to meet the degree requirements of Schenectady Community College. Copies of statements from these officials submitted with the motion papers tend to support petitioner’s contention as to prior consultation concerning his proposed course of study.
The moving papers recite that respondent college was in its first year of operation and as a result of this petitioner was limited as to subjects or courses available to him. Petitioner claims that he took and successfully completed all of the subjects he was directed to take and was then denied his degree. Respondents’ position essentially is that petitioner failed to take proper credits within the area of concentration leading to an Associate of Arts degree.
It has been held that when a student is duly admitted by a private university, there is an implied contract between the student and the university that if he complies with the terms prescribed by the university he will obtain the degree which is sought. (Matter of Carr v. St. John’s Univ., 17 A D 2d 632, affd. 12 N Y 2d 802.) There is no reason why this principle should not apply to a public university or community college. The factual situation in the instant case is similar to that presented in the case of Matter of Blank v. Board of Higher Educ. of City of N. Y. (51 Misc 2d 724). In the Blank case the court found that petitioner was entitled to his degree after taking certain courses in a manner prescribed by university officials. The officials were considered by the court to be agents of the respondent Board of Education and respondent was estopped from denying the acts of the agents. The rationale of the Blank decision is grounded in the familiar principle of law that the authority of an agent is not only that conferred upon him by his principal, but also as to third persons, that authority which he is held out. as possessing.
Upon the evidence presented on the motion and on the rationale of the Blank decision (supra) I find that petitioner has satisfactorily completed a course of study at respondent community college as prescribed to him by authorized representatives of the college and I find that petitioner is entitled to receive his Associate of'Arts degree. j
Motion is .granted, without costs.