In the Matter of EUGENE C. OLSSON, Respondent, v BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK et al., Appellants.

First Department, January 30, 1979

### APPEARANCES OF COUNSEL

*Susan L. Bloom* of counsel *(L. Kevin Sheridan* with her on the brief; *Allen G. Schwartz, Corporation Counsel),* for appellants.

*Eugene C. Olsson,* respondent *pro se.*

### OPINION OF THE COURT

Fein, J.

Respondents appeal from a judgment entered in this CPLR article 78 proceeding directing the Board of Higher Education of the City of New York to approve, authorize and confer upon petitioner the degree of Master of Public Administration *nunc pro tunc* as of June 6, 1976.

■ We are in agreement with Special Term's disposition that, under the circumstances, respondents should be estopped by reason of petitioner's reliance upon the erroneous and misleading information given by a member of the faculty. Petitioner, a student at John Jay College, had completed 36 credits required for the degree of Master of Public Administration, with a 3.54 average out of a possible maximum of 4.0. One of the requirements for graduation was either the submission of a thesis or the passing of a comprehensive examination. Petitioner had enrolled in the review course in preparation for the examination. Although respondents now publish written requirements for passing the examination, it is undisputed that at the time petitioner attended the school, there were no written regulations with respect to the examination and the only criteria were those announced orally by professors in the review course. Also undisputed is the fact that in one of the lectures, the professor in charge, in the presence of another professor, misinformed the students as to the requirements for passing the examination, telling them that in order to pass, a student must pass 3 out of 5 questions, with an overall average of 2.8. The professor admits having inadvertently advised the students as to the passing criteria. He asserts that what he meant to say was that each student should obtain a grade of 3 out of 5 points on each question and that it was necessary to answer 4 out of 5 questions with a grade of 3 or better. Petitioner claims that he was misled by the erroneous information. He asserts he would have apportioned his time differently had the correct criteria been made available to him. He received a grade of 3 or more in 3 out of the 5

questions, with an over-all average on the examination in excess of 2.8, sufficient under the erroneous criteria announced by the professor.

Under the circumstances respondents should be estopped from refusing to award petitioner a degree. In the absence of written regulations, or other clearly articulated statement of the grading criteria, respondents were properly bound by the oral statements made by the professors in charge of the review class as to the standards under which the examination results would be judged. Petitioner's undisputed assertion of resulting prejudice is not answered by the suggestion that the student would naturally attempt to do his best on each question in the examination. Such considerations cannot mitigate the effect of the incorrect standards imparted by the professor in charge. The situation here is not unlike *Matter of Blank v Board of Higher Eudc.* (51 Misc 2d 724) and *Matter of Healy v Larsson* (67 Misc 2d 374, affd 42 AD2d 1051, affd 35 NY2d 653) wherein academic degrees were directed to be awarded upon findings that the educational institution should be estopped from claiming that the student's course work did not satisfy degree requirements, where the student pursued a course of study which had been established and approved by university officials.

There is no doubt but that the academic qualifications of a graduate student are matters peculiarly within the competence of the educational institution. It is not within the province of courts of law to oversee the competence of colleges and universities in making academic judgments. This, however, does not oust the court of jurisdiction to inquire whether a determination was arbitrary and capricious and whether the proceedings accorded the student violated established rules and procedures of the institution *(Matter of Ryan v Hofstra Univ.,* 67 Misc 2d 651; *Matter of Carr v St. Johns Univ., N. Y.,* 17 AD2d 632, affd 12 NY2d 802; *Matter of Blank v Board of Higher Educ., supra; Matter of Healy v Larsson, supra; Matter of Barone v Adams,* 39 Misc 2d 227, revd on other grounds 20 AD2d 790). A public or a private college or university is not beyond the law. It is bound to accord uniform treatment to all candidates for a degree, pursuant to rules and regulations administered in a reasonable manner. The petition does not and cannot seek review of the determination made as to petitioner's academic qualifications as a candidate for the degree. Rather, it seeks a remedy for the failure to adhere to

established rules and procedures of the college and to accord him a fair and impartial examination.

■ The dissent in part relies upon the opinion of the faculty that petitioner has not met the unpublished and nonarticulated academic standards for issuance of the degree. Overlooked is the fact that under the standard announced by the professor, petitioner did pass the examination. Although it is not within the court's competence or province to award degrees or grade examinations, it may be noted that petitioner, who had completed 36 course credits, maintained an average of 3.54 out of a possible maximum of 4.0. He could hardly be considered an inferior student.

The estoppel may not be avoided by finding appropriate the offer by the college to permit petitioner to retake the examination. Whether petitioner should have immediately elected to take the examination again is not in issue. He declined the offer, electing to pursue available remedies in this litigation. The offer, even if fair when made, has no bearing upon the legal issue. Furthermore, in view of the time which has elapsed since petitioner first took the examination, as a practical matter, the offer affords no real remedy. It hardly compensates petitioner for the arbitrary and capricious conduct of respondents in failing to confer a degree under circumstances where the student satisfied the degree requirements established and publicized at the time.

Accordingly, the judgment, Supreme Court, New York County (TIERNEY, J.), entered February 22, 1978, should be affirmed, without costs or disbursements.

SILVERMAN, J. (dissenting.) I would reverse the judgment appealed from and dismiss the petition, without prejudice to petitioner's applying within three months from now for a reexamination to be held within one year in accordance with the prior offer of the college.

The judgment, which this court now affirms, directs the City University of the City of New York to grant an advanced degree to petitioner, notwithstanding the fact that in the judgment of the responsible faculty petitioner has not met the academic standards for that degree. This involves "serious questions of law and policy involved in a judicial awarding of an academic degree" against which the Court of Appeals clearly warns in *Matter of Healy v Larsson* (35 NY2d 653, 654). It may well be that members of the faculty misinformed

petitioner and others as to the method of determining the passing grade on the comprehensive examination. It seems likely that this was at most an inadvertent error. It is straining too much to say that petitioner acted differently on the examination from the way he would have acted if he had known what the grading standards were; obviously he did his best. The college, trying both to be fair to petitioner and yet preserve its academic standards, offered petitioner the opportunity to have his examination failure expunged from his record and to permit him to retake the examination. Petitioner declined that opportunity and instead brought this litigation. I think the college acted fairly and reasonably. I do think, however, that the opportunity to retake the examination should be held open to petitioner for a reasonable time after the conclusion of this litigation.

KUPFERMAN, J. P., YESAWICH and SANDLER, JJ., concur with FEIN, J.; SILVERMAN, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on February 22, 1978, affirmed, without costs and without disbursements.