OPINION OF THE COURT
Anthony A. Scarping, Jr., J.
This is a CPLR article 78 proceeding wherein petitioner challenges the respondent’s determination which found petitioner *201 guilty of inappropriate behavior at the Powelton Club and suspended his membership privileges for a period of six weeks. The petitioner claims that the respondent’s action was taken without notice or an opportunity to be heard, and that such determination was arbitrary and capricious. The respondent generally denies the allegations in the petition and seeks to dismiss the proceeding pursuant to CPLR 7804 (f) and 3212. The respondent’s motion to dismiss is denied, and the petition is granted to the extent provided herein, and the matter is remanded to the respondent for further proceedings consistent with this decision and order.
Petitioner is a member of the respondent Powelton Club (the Club). The Powelton Club is a not-for-profit corporation which was formed for the pleasure and recreation of its members. Towards this end, the Club provides golf and other sports and social activities. Pursuant to its by-laws, the Club is governed by a board of directors. Pursuant to article II, § 7 of the bylaws: “Any member of the Club who shall conduct himself or herself in an ungentlemanly or unladylike manner upon the Club property, or whose conduct shall be offensive to other members of the Club, or prejudicial to the best interest of the Club, shall be liable to expulsion or suspension from the Club by majority action of the Board. The procedure for the hearing and determination of complaints against members shall be prescribed by the Board of Directors.”
The petitioner alleged, and the respondent initially conceded, that the board of directors never considered, adopted, or implemented any formal procedures for the hearing and determination of disciplinary charges against its members. Instead, respondent relied upon “unwritten practice and procedure” in investigating, noticing, hearing, and determining the charges against the petitioner.
Thereafter, in the reply affirmation of Kathleen A. Mishkin, Esq., respondent advises the court for the first time that it recently discovered written disciplinary procedures which were promulgated and adopted by a prior board of directors. A copy of these “Misconduct Hearing Procedures” are annexed to Ms. Mishkin’s affirmation as exhibit A.
These formal hearing procedures provide, inter alia, for (1) written notice of the date, time, and place of any misconduct hearing at least four days prior to the date of the hearing; (2) the right for the complainant and the respondent to be present at the hearing; and (3) to testify, call witnesses, and examine any witness at the hearing; and (4) written notification of the determination of the board.
*202 The respondent concedes that it did not follow “every aspect” of the written procedures but claims it “substantially” followed such procedures. The court disagrees. The record clearly reflects that the petitioner was not provided any written notice of the date, time, and place of the hearing. He was not afforded any opportunity to attend. He was not given an opportunity to testify, submit any evidence to the members of the board presiding at the hearing, call any witness, or examine any complaining witness.
The rights and obligations established by the duly authorized by-laws and rules of the Club may not be characterized as mere “technicalities” which may be disregarded so long as it appears that the respondent “never denied” the accusations. The by-laws and duly authorized and adopted rules for a not-for-profit corporation are part of the contract between parties (see, Hellenberg v District No. One of Ind. Order B’nai B’rith, 94 NY 580). A person who joins a county club impliedly agrees that the club’s charter, by-laws, and rules shall be determinative of his/her rights and status in relation to the club and its members (see, Matter of Kendrick v Watermill Beach Club, 8 Misc 2d 798).
When the remedy imposed by disciplinary hearings may include a forfeiture of vested rights and privileges, rigid adherence to the procedures is required (see, In re Mayulianos v North Babylon Regular Democratic Club, 198 NYS2d 511). The right to be advised of the charges, receive notice of the hearing, and be given an opportunity to appear and be heard at the hearing are fundamental (see, Matter of Nametra, Inc. v American Socy. of Travel Agents, 28 Misc 2d 291). These rights must be afforded even in the absence of by-laws (see, Matter of Briggs v Technocracy, Inc., 85 NYS2d 735).
The informal meetings between the Club president and the petitioner did not satisfy the fundamental due process requirement of the Not-For-Profit Corporation Law and did not “substantially” comply with the by-laws and rules of the Club. The failure to comply with fundamental due process standards and the by-laws of a not-for-profit corporation require vacatur of the resulting determination (see, Matter of Capossela v Wykagyl Country Club, 258 AD2d 522).
In accordance with the foregoing, the respondent’s motion to dismiss is denied, and the petition is granted to the extent that the determination suspending the petitioner’s privileges is vacated.